## Ab. Graham v. The State.

### No. 6937.   Decided June 11.

1. **Practice in the Court of Appeals.**—Error in the Charge of the Court, un-- less it be fundamental, or under all the circumstances of the case calculated to preju- dice the rights of the accused, will not be revised on appeal in the absence of exception. or a refused special instruction seeking to correct the same.

2. **Practice—Evidence—Bill of Exception** reserved to the exclusion of evidence. which is so far indefinite as not to disclose the purpose and object of the excluded testi- mony is insufficient and is entitled to no consideration on appeal.

3. **Same.**—It is a rule of evidence that "opinion as far as it consists of a state- ment of an effect produced upon the mind becomes primary evidence, and hence ad- missible whenever a condition of things is such that it can not be reproduced and made palpable to the jury." It was objected in this case that the trial court permitted the State to ask a witness to describe certain bruises found upon the forehead and chin of the deceased, and whether they were "made with a hard, rough substance or otherwise;" and then permitted the witness to answer that the "said bruises seemed to have been. made with a hard, rough substance." Held, that the objection points out no material error.

4. **Same—New Trial—Incompetent Juror.**—Motion for new trial, with sustain- ing affidavits, impugned the fairness and impartiality of the trial upon the ground that. a juror was corrupt, and that, notwithstanding he qualified himself on his voir dire, he. was, unknown to the defendant or his counsel, prejudiced against the defendant, and had declared, before he was impaneled as a juror, that the defendant "was guilty and ought to be punished," and that "it was a bad case against the defendant." To this. ground of the motion for new trial the counsel for the State replied that immediately upon the filing of the said motion they applied for and procured an attachment for the: impugned juror in order to rebut the statements in the motion and affidavits, but that the sheriff had returned the said attachment "endorsed, in effect, that the same was not executed for the want of time." But the copy of the attachment sent up with the record to this court bears no such or other endorsement by the sheriff. Under the cir- cumstances, as made to appear on appeal, the court below should have awarded a new trial upon the ground set up in the motion.

Appeal from the District Court of Coryell. Tried below before S. F.. Duffie, Special Judge.

The conviction in this case was in the second degree for the murder of J. H. Clawson, and the penalty assessed by the jury was a term of twenty years in the penitentiary.

The rulings of the court on this appeal do not require a statement of the facts proved on the trial.

*Vardiman, White & Taylor* and *Crain & Halbrook*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

White, Presiding Judge.—Most of the errors complained of in the defendant's motion for new trial and assignments of error in the court below, and so ably argued and discussed in the brief of counsel for ap- pellant in this court, relate to the charge of the trial court. But no ex-

ceptions were reserved to the charge, and there were no refused special instructions for defendant.   The charge may be liable to some of the criticisms urged against particular portions, but there being no special exceptions, and none of the supposed errors being of a fundamental character, or such as, under all of the circumstances of the case, were calculated to prejudice the rights of the accused, we would not be warranted in revising, much less reversing the judgment on account of them.

But three bills of exceptions are found in the record.   The first is to the overruling of the defendant's second application for a continuance; the second is to the refusal of the court to permit the defendant to introduce certain testimony by his witness Miss Mary Doty; and the third is to the admission of certain testimony over objection of defendant.

It is unnecessary to discuss the application for continuance.   The second bill of exceptions is insufficient and defective, because it fails to disclose the object and purpose of the proposed evidence, and will not, therefore, be considered on appeal.   May v. The State, 25 Texas Ct. App., 114.

As to the third bill of exceptions, it is made to appear that the State's counsel was permitted over objections of defendant to ask the witness Clawson to describe the appearances of certain bruises found upon the forehead and chin of deceased, and whether they were "made with a hard, rough substance or otherwise."   To this question the witness answered, "Said bruises seemed to have been made with a rough, hard substance."   Defendant's only objection to the testimony was "that the witness could only describe the bruises and let the jury conclude with what they were made."

No material error is pointed out by the objection.   The rule is that "opinion as far as it consists of a statement of an effect produced upon the mind becomes primary evidence, and hence admissible whenever a condition of things is such that it can not be reproduced and made pulpable to the jury."   Clark v. The State, *ante,* 189; Garner v. The State, *ante,* 561.

One of the grounds of defendant's motion for new trial was, in effect and substance, that his trial was not fair and impartial, because one of the jurors who sat upon the trial, to-wit, one J. A. Harris, Jr., was corrupt and biased and prejudiced against defendant, though he had fully qualified himself as a juror when examined on his *voir dire.*   The defendant and his attorneys made oath that the bias and prejudice of said juror was unknown to them until after the defendant's trial and conviction.

In support of this ground of the motion the defendant filed the affidavits of three parties, two of whom swore that the juror Harris had said to them before the trial that the defendant was guilty of the murder of the deceased Jim Clawson, and ought to be punished for it.   Another af-

fiant stated that said juror Harris had stated to him, soon after the homicide, "that it was a bad case against the defendant."

In response to this ground of the motion the counsel for the State replied that they had immediately upon the filing of said motion applied for and procured an attachment for the juror Harris, in order to rebut the statements in said motion and affidavits, but that the sheriff, in whose hands said attachment had been placed for service, "had returned the same endorsed, in effect, that the same was not executed for want of time." The attachment is filed with and made a part of this response, but we find no endorsement of any kind upon the copy sent up in the record on this appeal.

As the matter is made to appear to us we must hold that the juror was corrupt, and that consequently such suspicion is brought against the fairness and impartiality of the trial as that the verdict and judgment should be set aside and a new trial awarded. Hanks v. The State, 21 Texas, 526; Henrie v. The State, 41 Texas, 573; Long v. The State, 10 Texas Ct. App., 186; Sewell v. The State, 15 Texas Ct. App., 56; Willson's Crim. Stats., sec. 2542.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.