### W. H. McWilliams v. The State.

*No. 1.  Decided June 14.*

**1. New Trial—Misconduct of Juror.**—Where a juror has fully qualified himself as such on his voir dire, and it is afterwards made to appear that at the time he was empanelled he had a positive and fixed opinion that the defendant was guilty, *held*, that the verdict should be set aside for this reason alone, where the defendant makes affidavit that he was not informed of such fact when he accepted him as one of the jurors.

**2. Same—Receiving New Testimony in Jury Room.**—Article 777 of the Code of Criminal Procedure, subdivision 7, provides, that a new trial shall be granted when the jury, after being retired to deliberate upon a case, have received other testimony. *Held*, if the jury, after having retired to deliberate upon the case. shall receive other testimony, a new trial shall be granted; and where such additional testimony is against the accused, this court will not stop to inquire as to its effect upon the jury or jurors, but will reverse the judgment.

APPEAL from the District Court of Travis.  Tried below before Hon. JAMES H. ROBERTSON.

Under an indictment charging him with incest with his daughter, appellant was tried and convicted, and his punishment assessed at five years in the penitentiary.

It is not necessary to state the facts in the case, in view of the disposition made of it on this appeal.

*Walton & Calhoun*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of incest, by having carnal knowledge of his daughter, and his punishment assessed at five years in the penitentiary.

One A. V. H. Young sat on the trial of this case.  When sworn on voir dire he stated, that he had never heard or read anything about the case; that he knew nothing at all about the facts, and had no opinion, and did not know any of the parties.  When the jury had retired to consider of

their verdict, Young, in the discussion of the case, detailed to his fellow jurors circumstances about the case which were not sworn to by any witnesses. He impressed another juror with the belief that he had more information in regard to the case than the witnesses, and for that reason stated that he should have more influence with the jury than the others. The above, in substance, was stated to the juror C. C. Grass. Having heard from others that Young knew all about the case, the juror John Sims remarked to Young, " You had no business being on this jury." He also stated to Grass, that he knew enough to satisfy him that the defendant ought to be hung. The jurors by whom this conduct of Young was shown all state that they were not influenced by anything he said in passing upon the case.

That Young expressed the opinion that appellant should be hung, which is not denied by any person, shows that the juror Young had a positive and fixed opinion that appellant was guilty; and if appellant had sworn that he was not informed of this when he accepted him as one of his jurors, the verdict should be set aside for this reason alone. There is no such affidavit in the record, and we will not reverse upon this ground, in the absence of such an oath. But his failure to make oath that he did not know Young was incompetent to try his cause, because he had formed or expressed an opinion of his guilt, will not deprive him of his right to insist upon the statute in regard to Young's conduct in the jury room. The seventh subdivision of article 777, Code of Criminal Procedure, provides, that a new trial shall be granted when the jury, after being retired to deliberate upon a case, have received other testimony. This man, Young, seems to have been a better witness for the prosecution than all the others. He knew, or pretended to know, more of the facts and circumstances than any other witness, and he did not fail to lay them before the jury in their retirement to deliberate upon the case. Believing appellant guilty, and that he should be " hung," his evidence before his fellow jurors was very clearly not favorable to appellant. But it may be contended that at least three jurors were not influenced by Young. Concede this. What about the others? If the jury, after having retired to deliberate upon the case, shall receive other testimony, a new trial shall be granted; and the additional testimony being against the accused, we will not stop to inquire as to its effect upon the jury or jurors. We are of opinion that the motion for a new trial should have been granted. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.