**Witnesses ⚌363(1)—Exclusion of testimony, showing relation of prosecutrix and state's witness, held error.**

In prosecution for assault with intent to rape in which several witnesses agreed with accused's version of offense, excluding testimony tending to show licentious relation between state's witness, who corroborated prosecutrix, and prosecutrix, and testimony that witness gave bad check to pay her hotel bill was error; such evidence having tendency to show interest of witness.

Commissioners' Decision.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Joe Totten was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

Ben L. Cox and Dallas Scarborough, both of Abilene, for appellant.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J.  The appellant was convicted in the district court of Taylor county for the offense of assault with intent to rape, and his punishment assessed at confinement in the penitentiary for a term of two years.  This is a companion case to that of Elmion Hall, 275 S. W. 1047, this day decided, and a sufficient statement of the facts to enable a proper disposition of this case will be found in that case.

In this case, the court also excluded testimony to the effect that the witness Earl Darden had given a worthless check for the hotel bill of the prosecutrix, and the court also excluded testimony of the witnesses Miller and Gaurke to the effect that he saw prosecutrix and Earl Darden in swimming about 14 miles from Abilene on the clear fork of the Brazos river, and that prosecutrix had her legs up around Darden's body, and that she had her arms around his neck and was hanging on to him, and that there is a big log in the water under a big tree, and that they were both lying on that, and that they were on top of the log face to face several times.

For the reasons stated in the companion case of Hall v. State, we think the court erred in excluding this testimony from the consideration of the jury.  Practically all of the questions discussed and decided in the case of Hall v. State, arise in similar form in this case, and our decision in that case is decisive of each of them.  On the authority of the case of Hall v. State, this day decided, it is our opinion that the judgment of the trial court should be reversed, and the cause remanded.

PER CURIAM.  The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals, and approved by the court.

## CULVER v. STATE.    (No. 8744.)

(Court of Criminal Appeals of Texas.  May 6, 1925.  Rehearing Denied Oct. 14, 1925.)

**1. Criminal law ⚌1169(1)—Admission of testimony by arresting officer that he and one accompanying him discussed how they would approach still held harmless.**

In prosecution for manufacturing intoxicating liquor, admitting testimony of arresting officer that he and one accompanying him at time of arrest discussed how they would approach still and stood in certain place two or three minutes before they started walking up on still, without giving details of conversation, was harmless.

**2. Intoxicating liquors ⚌228—Admitting testimony that one of accused's boys came to still held proper.**

In prosecution for manufacturing liquor, admitting testimony by arresting officer that he saw one of accused's boys come to still which accused was operating was not error.

**3. Criminal law ⚌364(4)—Testimony that accused, arrested in operation of still, told his son to go back, that officers had him, held admissible as res gestæ.**

In prosecution for manufacturing intoxicating liquor, where accused was arrested while practically in possession of still from which he had run away shortly before being arrested, his statement to his son, "Go on back; they have got me," was part of res gestæ, and admissible in evidence.

**4. Criminal law ⚌1120(8)—Asking accused on cross-examination if he had not been indicted for selling liquor held not error.**

In prosecution for manufacturing intoxicating liquor, asking accused on cross-examination if he had not been indicted for selling liquor was not error, in absence of showing in bill of exception that former indictment was too remote to make inquiry into it admissible.

**5. Criminal law ⚌1163(2)—Conviction not reversed for prejudice of juror, in absence of showing that when accused accepted juror he did not know of prejudice.**

Conviction for manufacturing intoxicating liquor will not be reversed for prejudice of juror, in absence of showing that when accused accepted juror he was not informed of facts set forth in motion for new trial tending to show prejudice.

**6. Criminal law ⚌1163(2), 1166½(6)—Necessary showing to reverse conviction for prejudice of juror stated; burden on defendant to show absence of knowledge of prejudice.**

To reverse conviction for prejudice of juror, it must be shown, not only that effort was made before accepting him to ascertain whether he had expressed opinion of accused's guilt or whether he had prejudice against accused, but also that it was through no lack of diligence that accused was deceived by juror's answer, and burden is on accused to allege and prove that he had no knowledge of such prejudice or such statement when he accepted juror.

On Motion for Rehearing.

**7. Intoxicating liquors ⚌236(19)—Evidence held to sustain conviction for manufacture of intoxicating liquor.**

In prosecution for manufacture of intoxicating liquor, evidence that accused was present at still being used to manufacture liquor, that he attempted to escape and was arrested, *held* sufficient to support conviction.

Commissioners' Decision.

Appeal from District Court, Titus County; R. T. Wilkinson, Judge.

L. E. Culver was convicted of manufacturing intoxicating liquor, and he appeals. Affirmed.

Seb F. Caldwell, of Mt. Pleasant, for appellant.

T. C. Hutchings, Dist. Atty., and Sam Williams, Co. Atty., both of Mt. Pleasant, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BERRY, J. Appellant was convicted in the district court of Titus county for the offense of manufacturing liquor, and his punishment assessed at confinement in the penitentiary for a term of 3 years.

The state's testimony shows that officers discovered a still down south of Mount Pleasant, in an old marsh, and that they saw some men walking around and stooping down about the still, and that it was fired up and smoke coming from it; that one of the men discovered the officers, and the parties around the still all ran; that the defendant was running at full speed when he passed the arresting officer, and that the arresting officer pursued him, and after appellant fell down he was caught; that immediately after he was caught the appellant's boy came from an opening in the woods, and when the boy came up appellant told him to go on back to the house, and said, "They have got me." The still when found was a complete outfit and was running whisky, and 3 or 4 barrels full of mash and between 6 and 10 gallons of whisky were found. The testimony shows that the still was in full operation. It was just a

minute or two after appellant was caught before the boy came up and the statement above detailed was made.

[1] By appellant's first bill of exception complaint is made that the witness Gregory was permitted to testify that he looked back around and saw Mr. Thompson coming, and that he and Thompson discussed how they would approach the still, and stood there two or three minutes before they started walking up on the still. No details of the conversation were given by this witness. Gregory was the officer who made the arrest, and Thompson was the party with him in the raid. We are cited to no authorities, and know of none, holding that this testimony under these circumstances is not admissible, and in any event this testimony was harmless.

[2] Bill of exception No. 2 complains of the action of the court in permitting the witness Gregory to state that he saw one of appellant's boys come down there to the still. This testimony was clearly admissible. The state certainly had a right to show and to name all of the parties that were present at the scene of the offense, if any was committed.

What has just been said with reference to bill No. 2 disposes of bills Nos. 3 and 4, which raise the same question in a slightly different form.

[3] Bill of exception No. 5 complains of the action of the court in permitting the arresting officers to testify that the appellant told his son, "Go on back; they have got me." This statement was made at the very time of the arrest of appellant, and appellant was arrested while practically in possession of the still; indeed, he was seen to run away from the still and after running less than 50 yards the arrest was made. As above stated, the still was in full operation and whisky was actually being manufactured at the time, and, under the decisions of this court, this testimony was clearly a part of the res gestæ.

We have examined bill of exception No. 6, and fail to find any error therein.

[4] The bill of exception prepared by the court shows that the district attorney asked the defendant on cross-examination if he had not been indicted in the court for selling liquor. This court has uniformly held that it is proper matter of impeachment to show that a witness testifying has been formerly indicted for a felony, where the evidence does not show that the indictment is too remote. There is nothing in this bill of exception showing that the former indictment was too remote to make an inquiry into it admissible.

[5] Appellant complains of the action of the court in not granting him a new trial because the juror W. A. Hayden sat on the jury that tried his case; the appellant's contention being that the juror was prejudiced against the appellant and had made reference to appel-

lant's bad reputation, and because the juror had made the statement before going on the jury, which statement was unknown to appellant, that appellant ought to be convicted and that he would like to serve on his jury and put him in the penitentiary. In his motion for a new trial appellant alleges that W. A. Hayden, one of the jurors selected on the jury that tried him, prior to this trial declared he would like to get on defendant's jury; that he would convict him and send him to the penitentiary and make him work 20 years; that he had defrauded the Farmers' Union, and never did any work. The juror on his voir-dire denied that he had any opinion or bias or prejudice against the defendant.

It will be observed from an inspection of the motion for a new trial that appellant did not allege and swear that he was not informed of these facts when he accepted the juror Hayden as one of the jurors; neither is there any proof offered on the motion for a new trial showing that the appellant had no knowledge of these facts at the time he took the said juror, and, in the absence of a showing to the effect that when he accepted the juror Hayden he was not informed of the facts set forth in the motion, this court will not reverse on account of said statements alleged to have been made by the said juror Hayden.

[6] Before this court would be authorized to reverse a case on account of matters of this kind, it must be shown, not only that an effort was made before accepting the juror to ascertain whether he had expressed an opinion of the defendant's guilt or whether he had a prejudice against the defendant, but also that it was through no lack of diligence that the defendant was deceived by the answer of the juror; and it has been uniformly held that the burden is on the defendant under these conditions to allege and prove that he had no knowledge of such prejudice or of such statement at the time that he accepted the juror. McWilliams v. State, 32 Tex. Cr. R. 270, 22 S. W. 970. See paragraph 7, § 565, p. 288, Branch's Penal Code, for a full collation of authorities on this question.

Finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. [7] The affirmance is assailed on the sole ground of lack of testimony. We cannot say that the evidence was so slight as to show prejudice and want of due consideration on the part of the jury.

Whisky was in process of manufacture when a raiding party approached the place. Appellant and other men were at and around the still. For some 10 minutes the raiding party watched and listened. The men were moving around the still and talking. They caught sight of the raiders and fled in different directions. Appellant ran until caught, refusing to stop when ordered to do so, and when warning shots were fired in the air. Appellant's boy came up in a minute or two. Two shots had been fired by some one in the direction from which the boy came. Appellant's home was a mile away. When the boy came up, appellant told him to go home, saying: "They have got me."

While appellant claimed his innocent presence at the still, he admitted on cross-examination that he had been convicted for a felony, viz., selling whisky. Without summing up these matters as we have enumerated them, and as they are set out in our original opinion, we think they support the finding of the jury, and the motion for rehearing will be overruled.