C. E. BOLT v. THE STATE.

No. 12296. Delivered April 10, 1929.

The opinion states the case.

*Jos. A. Stephens* of Benjamin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for two years.

State's witnesses testified that they saw appellant transporting a quantity of whisky. Appellant denied that he transported the liquor and declared that he accidentally came upon said liquor as he was going home and had stopped for the purpose of taking a drink when he was seen by the witnesses.

On the motion for new trial it was developed that one of the jurors had prior to appellant's trial aided the officers in raiding some parties who had been engaged in violating the liquor laws. One of the parties arrested had been placed in the custody of this juror where he remained until he made bond. Neither appellant nor his counsel knew of this fact until after the verdict had been returned. The juror had been asked by appellant's counsel on voir dire examination if he had at any time, as a witness or otherwise, been in any manner interested in the prosecution of any person for a violation of the liquor laws of the state. A negative answer was given.

It is appellant's contention that the conduct of the juror deprived him of a trial by an impartial jury. We think the undisputed facts show that the juror had been interested in the prosecution of a case involving a violation of the liquor laws. Although appellant's counsel had questioned the juror touching the matter, it appears that he failed to divulge the fact that he had aided officers in raiding places where the liquor laws were being violated. Appellant was misled. He was thereby deprived of his right to peremptorily challenge the juror, which action he says he would have taken if the juror had disclosed the facts on his voir dire examination. In the state of the record we are unable to say that the juror was impartial. In the case of Adams v. State, 92 Tex. Cr. Rep. 264, it appeared that a juror had knowledge that the accused had been convicted of an offense in another place. Although questioned by counsel for the accused touching his knowledge of the parties and of any fact which might militate against the accused, he suppressed the facts he knew and misled the accused. In reaching the conclusion that the appellant there had been deprived of a trial by an impartial jury, Presiding Judge Morrow said:

"The Legislature is commanded to pass laws making effective the provision of the Constitution that the right of trial by jury shall re-

main inviolate. Following the procedure enacted in obedience to this constitutional provision, the appellant examined the juror on his voir dire under the eye of the court and under oath, and the juror failed to disclose the knowledge which he then possessed that the appellant, in a different city, on a former occasion, had been convicted of an offense like that for which he was to be tried. It has often been held that when a partial juror or biased juror or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions upon his voir dire and having no knowledge of their inaccuracy, there exists good ground for a new trial. Long v. State, 10 Texas Crim. App. 198; Sewell v. State, 15 Texas Crim. App. 62; Graham v. State, 28 Texas Crim. App. 582; McWilliams v. State, 32 Texas Crim. Rep. 269. We think the juror's conduct characterizes him as other than an impartial juror. Long v. State, 32 Texas Crim. Rep. 145; Long v. State, 10 Texas Crim. App. 198; Hughes v. State, 60 S. W. Rep., 563; Hopkins v. State, 68 S. W. Rep., 986.

We think that the record reveals that the appellant was without laches or lack of diligence and was misled by the responses of the juror into selecting him, and that he not being an impartial juror, it was incumbent upon the trial court to grant the motion for new trial. The jury acts as a unit, and the disqualification or prejudice of one of its members is sufficient, upon motion for new trial, to vitiate the verdict. McWilliams v. State, 32 Texas Crim. Rep. 269; Graham v. State, 28 Texas Crim. Rep. 583; Long v. State, 32 Texas Crim Rep. 145; Ruling Case Law, Vol. 16, p. 312, sec. 120. The fault was not cured by the verdict which assessed against the appellant the extreme penalty allowed by law for the offense with which he was charged."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.