MARY GARNER TAYLOR v. THE STATE.

No. 13212.   Delivered March 26, 1930.
Reported in 26 S. W. (2d) 261.

The opinion states the case.

*J. D. Pickett* of Palestine and *Perkins & Perkins* of Rusk, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment confinement in the penitentiary for three years.

Appellant ran a hamburger stand, and used her place of business as a residence. Operating under a search warrant, officers searched the place and found therein approximately seventy bottles of beer. Testifying in her own behalf, appellant denied that she had ever sold any of the beer, and declared that she used it strictly for medicinal purposes.

On the motion for new trial it was developed that one of the jurors was well acquainted with the reputation of appellant and her place of business. Touching the matter, he testified upon the hearing of the motion as follows:

"She sort of has the reputation out there of selling beer, too. And while I did not know it, I had heard that she would sell home brew and stuff of that kind in with the barbecue; I had heard it. And the community I felt would appreciate getting rid of her and sending her to the penitentiary; I felt that is the way the community would feel about it. As to whether, while I did not express that opinion before the verdict was agreed on and did not express it until after it was written, but somebody else on the jury expressed the same opinion, I will state that Mr. Garner, I believe, expressed something like that. * * * I had heard that she was selling home brew out there. And I knew from the sign there that she was selling hamburgers; I saw the sign. From hearsay I understood that was her business—she lived out there on the side of the highway and sold hamburgers and barbecue and home brew; that was my understanding from hearsay * * * As to whether I said it to the jury or whether I did not say it to the jury, in view of the testimony I heard here at the trial and in view of what I had heard before the trial, I felt that three years is what she should have and that the people would appreciate it."

The juror had answered on his voir dire examination by appellant's counsel that he had no opinion as to the guilt or innocence of appellant, and entertained no prejudice against her. It is appellant's contention that the juror's answer deprived her of the right to challenge him, and that she was deprived of a trial by an impartial jury. We are of the opinion that appellant is correct in her contention. According to the testimony of the juror, his knowledge of appellant and her place of business militated against her. That the penalty he agreed to assess was influenced by knowledge of facts he had learned prior to the trial and by his feeling that the citizenship would appreciate an assessment of a penalty of two years in excess of the minimum was admitted by the juror. In the state of the record,

we are unable to say that the juror was impartial. In the case of Adams vs. State, 92 Tex. Cr. R. 264, 243 S. W. 474, it appeared that a juror had knowledge that the accused had been convicted of an offense at another place. Although questioned by counsel for the accused touching his knowledge of the parties, and of any fact which might militate against the accused, he suppressed the fact he knew and misled the accused. In reaching the conclusion that the appellant there had been deprived of a trial by an impartial jury, Presiding Judge Morrow said:

"The legislature is commanded to pass laws making effective the provision of the Constitution that the right of trial by jury shall remain inviolate. Following the procedure enacted in obedience to this constitutional provision, the appellant examined the juror on his voir dire under the eye of the court and under oath, and the juror failed to disclose the knowledge which he then possessed that the appellant, in a different city, on a former occasion, had been convicted of an offense like that for which he was to be tried. It has often been held that when a partial juror or biased juror or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions upon his voir dire and having no knowledge of their inaccuracy, there exists good ground for a new trial. Long v. State, 10 Tex. App. 198; Sewell v. State, 15 Tex. App. 62; Graham v. State, 28 Tex. App. 582 (13 S. W. 1010); McWilliams v. State, 32 Tex. Cr. R. 269 (22 S. W. 970). We think the juror's conduct characterizes him as other than an impartial juror. Long v. State, 32 Tex. Cr. R. 145 (22 S. W. 409); Long v. State, 10 Tex. App. 198; Hughes v. State (Tex. Cr. App.) 60 S. W. 563; Hopkins v. State (Tex. Cr. App.) 68 S. W. 986.

See Bolt v. State, 16 S. W. (2d) 235.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.