GOULD COLLINS v. THE STATE.

No. 13238.   Delivered April 16, 1930.

Reported in 27 S. W. (2d) 185.

The opinion states the case.

*Joe Hughes* of Texarkana, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for five years.

By bill of exception No. 2 it is made to appear that in the trial of the case the appellant was without counsel and that two men who were closely related to the prosecuting attorney served as jurors, both of whom were prejudiced against the appellant and interested in the outcome of the prosecution. The bill further shows that in the motion for a new trial attention was drawn to the matter stated above. As the bill appears in the record, it bears the signature of the trial judge and is accompanied by no explanation or qualification. Coming before this court in that condition the statements in the bill must be taken as true. The unchallenged recitals in the bill of exception mentioned are regarded to be such as should have impelled the trial court to grant the motion for a new trial. The facts are somewhat analogous to those controlling in the case of Adams v. State, 92 Tex. Crim. Rep. 264, in which a prejudicial juror, who had on his voir dire suppressed the fact of his disqualification, served on the jury. This court reversed the judgment of conviction. In the case cited many precedents are reviewed. The case of Bolt v. State, 112 Tex. Crim. Rep. 267, is likewise analogous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.