### ORIS NORWOOD v. THE STATE.

No. 15658.   Delivered March 8, 1933.
Reported in 58 S. W. (2d) 100.

The opinion states the case.

*Oscar Callaway,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is rape; the punishment, confinement in the penitentiary for nine years.

It was charged in the indictment, in substance, that appellant had carnal knowledge of Ruby Mae Davis, a female under the age of 18 years, she not being the wife of appellant. The testimony in support of the charge is substantially the same as that disclosed in the opinion on a former appeal. See Norwood v. State, 48 S. W. (2d) 276.

Appellant and prosecutrix were cousins. At the time of the alleged offense, prosecutrix was approximately 16 years of age, and appellant, 19. Prosecutrix testified, in substance, as fol-

lows: She, appellant, and her small brother were working in her father's field. Appellant sent her brother to the house for some water, and while he was gone she and appellant had an act of sexual intercourse, with her consent. She did not report the matter to her parents. She gave birth to a baby, which died before a physician arrived. Prior to the birth of the child, her mother had asked her if she was pregnant. She had answered in the negative, although she was aware of her condition. The one act of intercourse with appellant was her only transgression. Appellant made no effort to have further acts of intercourse with her.

Appellant admitted that he was in the field with prosecutrix, but denied that he had an act of sexual intercourse with her. He declared that he looked upon prosecutrix as a sister.

Many witnesses testified that appellant's general reputation for being peaceable and law-abiding was good. The state made no effort to rebut the testimony of these witnesses.

In his motion for a new trial, appellant alleged that he was deprived of a trial by an impartial jury. Without setting out the specific allegations embraced in the motion, it is observed that bill of exception No. 3 shows that one of the jurors who sat in appellant's trial was asked "if anything had ever occurred in his family, or, if anything had ever come to him personally of the kind and character charged to the defendant in this case that might in any way whatsoever influence and prejudice him if accepted as a juror." In answer to the question the juror said that "nothing of this kind or character had ever come to him directly or to his family so that it might in any way whatsoever influence him if accepted as a juror." Appellant relied upon the statement of the juror. Otherwise he would have excused him. Upon the first ballot as to the penalty, the juror in question voted for 25 years. Some of the jury stood for 5 years. Thereafter the juror in question and others voted for 10 years, while others on the jury stood for 5 years. Finally the juror stated he would agree to 9 years, but would not go under that number. The other jurors would have assessed a lower penalty had it not been for the attitude of the juror. They finally agreed to assess the penalty at 9 years. On the hearing of the motion for new trial, the juror admitted that when he was 12 or 13 years of age a "sexual outrage" occurred in his family. The juror's brother testified that their sister was involved. The juror declared that he did not have the matter in mind when he answered the question propounded by appellant's counsel. He testified that he had no prejudice at the time he entered the jury box. He stated, however, that

he was determined that he would not assess a lower penalty than 9 years, and that he insisted that he would go no lower.

In the former trial, in addition to the testimony embraced in the present record, there were some inflammatory matters relative to the details of the birth and death of the baby of prosecutrix. On the present trial such details, which had been held improper by this court, were not introduced. Notwithstanding the inflammatory matter referred to was before the jury on the former trial, appellant received the minimum penalty of 5 years. In the present case he received 9 years. That this penalty was due to the fact that the juror in question served on the jury is made plain by the testimony heard on the motion for new trial. It appears that appellant used due diligence. He was misled by the responses of the juror. Had the juror revealed the fact that his sister had suffered an experience similar to that of prosecutrix, appellant would not have accepted him. Relying upon the answer of the juror, appellant was deprived of his right to peremptorily challenge him. In the state of the record, we are unable to reach the conclusion that the trial court was warranted in overruling the motion for a new trial.

In Bolt v. State, 16 S. W. (2d) 235, which was a liquor case, it developed on the motion for new trial that one of the jurors had, prior to the appellant's trial, aided the officers in raiding some parties who had been engaged in violating the liquor laws. One of the parties arrested had been placed in the custody of this juror, where he remained until he made bond. Neither the appellant nor his counsel knew of this fact until after the verdict had been returned. The juror had been asked by the appellant's counsel on voir dire examination if he had at any time, as a witness or otherwise, been in any manner interested in the prosecution of any person for a violation of the liquor laws of the state. He gave a negative answer. The conclusion was reached by this court that, under the circumstances, the appellant was deprived of an impartial jury.

In the case of Adams v. State, 243 S. W., 474, it appeared that a juror had knowledge that the accused had been convicted of an offense in another place. Although questioned by counsel for the accused touching his knowledge of the parties and of any fact which might militate against the accused, he suppressed the facts he knew and misled the accused. In reaching the conclusion that the appellant had been deprived of a trial by an impartial jury, Presiding Judge Morrow said: "The Legislature is commanded to pass laws making effective the

provision of the Constitution that the right of trial by jury shall remain inviolate. Following the procedure enacted in obedience to this constitutional provision, the appellant examined the juror on his voir dire under the eye of the court and under oath, and the juror failed to disclose the knowledge which he then possessed that the appellant, in a different city, on a former occasion, had been convicted of an offense like that for which he was to be tried. It has often been held that, when a partial juror or biased juror or prejudiced juror is selected without fault or lack of diligence on the part of the accused or his counsel, they acting in good faith upon his responses to questions upon his voir dire and having no knowledge of their inaccuracy, there exists good ground for a new trial. Long v. State, 10 Texas App., 198; Sewell v. State, 15 Texas App., 62; Graham v. State, 28 Texas App., 582 (13 S. W., 1010); McWilliams v. State, 32 Texas Crim. Rep., 269 (22 S. W., 970). We think the juror's conduct characterizes him as other than an impartial juror. Long v. State, 32 Texas Crim. Rep., 145 (22 S. W., 409); Long v. State, 10 Texas App., 198; Hughes v. State (Texas Crim. App.), 60 S. W., 563; Hopkins v. State (Texas Crim. App.), 68 S. W., 986.

"We think that the record reveals that the appellant was without laches or lack of diligence and was misled by the responses of the juror into selecting him, and that, he not being an impartial juror, it was incumbent upon the trial court to grant the motion for new trial. The jury acts as a unit, and the disqualification or prejudice of one of its members is sufficient, upon motion for new trial, to vitiate the verdict. McWilliams v. State, 32 Texas Crim. Rep., 269 (22 S. W., 970); Graham v. State, 28 Texas App., 583 (13 S. W., 1010); Long v. State, 32 Texas Crim. Rep., 145 (22 S. W., 409); Ruling Case Law, vol. 16, p. 312, sec. 120. The fault was not cured by the verdict which assessed against the appellant the extreme penalty allowed by law for the offense with which he was charged."

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.