### SON MASON V. THE STATE.

No. 22833. Delivered April 12, 1944.

The opinion states the case.

*James C. Mahan,* of Childress, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a negro, received a two year verdict at the hands of a jury for murder, and he appeals.

Due to the disposition of this case, the facts need not be set forth. Suffice it to say they are sufficient to sustain the verdict and judgment rendered.

There are no bills of exceptions in the record, save to the alleged misconduct of the jury.

It was shown that the appellant did not take the stand in his own behalf. While the jury were deliberating, not upon the guilt or innocence of appellant but as to whether or not they should suspend his sentence, and stood eight against and four for such suspension, the alleged misconduct took place. Some of the jurors during such deliberation said they wondered why appellant did not take the stand, and some one possibly said it might have been better if he did not testify. It was also shown that the foreman immediately said that the judge had admonished them not to take that into consideration, and not to discuss that, and same was not further mentioned. We do not think such casual mention, stopped as it was by the foreman, would evidence such an error as should cause a reversal of this cause. See Branch's Penal Code, p. 293.

Some of the jurors testified on the motion for a new trial that while deliberating on the matter of a suspension of sentence it was mentioned that if they suspended appellant's sentence he might kill some white man. We think such an argument was doubtless legitimate, although the use of the words "white man" might cause some speculation as to a discrimination on account of appellant's race. We think the jury could have and should have taken into consideration appellant's future conduct while deliberating on a suspension of sentence, and the fact that he might have evidenced such disposition that showed him to be a potential future killer of any person, either white or black, had a place in their determination of the question of a suspended sentence.

However, it was further shown that in the jury's deliberations the fact was mentioned that the government was having some trouble with negroes, as was shown by some recent riots at Houston by negroes. The foreman of the jury, Mr. Draper, testified relative to the above:

"I remember someone saying something about the government having trouble with the negroes. Someone said that it seemed that the government was having a lot of trouble with the negroes and as well as I remember whoever it was discussing it referred to the Houston trouble. I don't recall whether I admonished them against discussing that or not. On that special occasion I don't recall but it wasn't discussed further than that. I don't recall admonishing them in regard to the statement about the government having trouble with the negroes. I believe it was Seth Pallmeyer who made the statement. He said something about the trouble at Houston."

The above testimony was objected to by the district attorney, but we think the matter was admissible under Means v. State, 271 S. W. 613; Brown v. State, 115 S. W. (2d) 646, and cases there cited.

There is no testimony upon the trial appearing in the record relative to the Houston riots, nor trouble with the negroes on the part of the government.

Mr. Pallmeyer, a juror, testified:

"Sometime during the discussion I did make the remark that the government had been having trouble with the negroes. As to what I said, I made the statement that it seemed from the reports that the government was having quite a bit of trouble with those boys. As to what kind of trouble, nothing other than reports of trouble in other places where they have riots and maybe four or five men be killed. As to whether I told the jury that, I don't know if I said that but that is what I had reference to. I think that is about all I told the jury. I wasn't called down by the foreman about that that I remember. I did make that statement to the other jurors during the discussion."

We think such discussion was outside of the record in this case, and evidences misconduct on the part of the jury. Something changed the votes of the four men who desired to suspend appellant's sentence. While we do not know what caused the change, the above shown discussion may have had some weight with these jurors, and we think will justify a reversal hereof. See McDougal v. State, 194 S. W. 944; McWilliams v. State, 32 Texas Cr. 269, 22 S. W. 970, from which last case we quote:

"If the jury, after having retired to deliberate upon the case, shall receive other testimony, a new trial shall be granted; and

the additional testimony being against the accused, we will not stop to inquire as to its effect upon the jury or jurors."

The judgment will therefore be reversed and the cause re-manded.