Christopher **LANDRY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–92–01257–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 12, 1994.

Discretionary Review Refused
Sept. 21, 1994.

Jimmy Parks, San Antonio, for appellant.

Carol M. Cameron, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

ROBERTSON, Justice.

Appellant pled guilty to the offense of aggravated sexual assault of a child, and the jury assessed punishment at twenty years confinement. Because of alleged jury misconduct during the voir dire phase of the trial, appellant filed a motion for new trial that the trial court denied. On appeal, appellant brings two points of error asserting the trial court erred in failing to find jury misconduct warranting a new trial, and a third point of error complaining of error in the trial court's instruction to the venirepersons

to limit their answers to either yes or no. We will affirm the judgment of the trial court.

■■■ Appellant's first point of error complains of a juror's misconduct in failing to disclose on the juror information card that he had been an accused in a criminal case. The juror, Timothy Fiore, later admitted he had failed to disclose the information that he had been indicted for aggravated kidnapping out of fear of embarrassing himself in front of the court and the other jurors. The case had been dismissed, and Fiore asserted that he nevertheless answered truthfully when asked whether he could be a fair and impartial juror. A long line of cases state that defense counsel is obliged to exercise diligence in eliciting desired information from venirepersons. *See Norwood v. State*, 58 S.W.2d 100, 101 (Tex.Crim.App.1933) (citing cases establishing requirement that defense counsel exercise diligence). Courts have continued to require due diligence and have not found to be fatal a juror's misrepresentation on the juror information card when the juror is not asked a question directly implicating the alleged misrepresentation. *De La Rosa v. State*, 658 S.W.2d 162, 164 (Tex.Crim.App.), *cert. denied*, 464 U.S. 865, 104 S.Ct. 201, 78 L.Ed.2d 175 (1983).

For example, in the 1933 case of *Norwood v. State* cited by appellant, a venireman was asked specifically during the voir dire proceedings for a rape case whether anything had ever occurred in his family or happened to him personally that would influence or prejudice him in the case. The juror said no, but at the hearing on the motion for new trial the juror admitted a "sexual outrage" had occurred in his family involving his sister. *Norwood*, 58 S.W.2d at 100. The court found counsel used due diligence to acquire this kind of information but was misled by the venireman when he affirmatively denied previous involvement with such a case; a new trial was thus warranted. Similarly, in the case of *Salazar v. State*, 562 S.W.2d 480 (Tex.Crim.App.1978), another case appellant cites for his position, a juror misrepresented on his juror information card that he had never been involved in a criminal proceeding. The court granted a new trial because of

juror misconduct, but it did so not just because of the erroneous information on the juror information card, but because of the venireman's making this representation during voir dire. *Salazar*, 562 S.W.2d at 482.

The instant case illustrates, as do the above cases, the importance of defense counsel's using specific and pointed questions to obtain the information he or she deems important to the defense. As appellant notes in his brief, information such as that allegedly withheld by Fiore is "the single most important question" defense counsel can ask of venirepersons. Having made this statement, appellant places into even greater relief the lack of due diligence in defense counsel's failing to ask the specific question of whether any of the persons assembled had been an accused or in some other way involved in the criminal justice system. Appellant does not contend that Fiore made any affirmative misrepresentations as to any of the questions asked during the voir dire. Unless defense counsel asks such direct questions, we cannot find that a juror withheld material information such as to warrant reversal for juror misconduct. *Jones v. State*, 596 S.W.2d 134, 138 (Tex.Crim.App.1980), *overruled on other grounds by Sneed v. State*, 670 S.W.2d 262, 266 (Tex.Crim.App.1984); *Spelling v. State*, 825 S.W.2d 533, 536–37 (Tex.App.—Fort Worth 1992, no pet.). Point of error one is overruled.

■■■ Point of error two asserts the trial court erred in denying the motion for new trial because appellant presented affidavits as proof that Fiore knew appellant and appellant's brother in high school. Appellant's brother recognized Fiore during the voir dire proceedings as someone he and his brother would intimidate and harass in high school. In support of his motion for new trial, appellant presented affidavits of other classmates aware of appellant and his brother's behavior toward Fiore. Having experienced such harassment for many years from appellant and his brother, these affidavits contend Fiore would harbor resentment and could not be an unbiased juror in the case. However, Fiore submitted an affidavit stating that he was not acquainted with either appellant or appellant's brother and based his decision

regarding punishment only on the evidence before the jury. Resolving conflicting evidence on issues of fact regarding the alleged juror misconduct lies within the discretion of the trial court. *Thomas v. State*, 699 S.W.2d 845, 854 (Tex.Crim.App.1985). In making its findings, the trial court determines from the evidence and the credibility of the witnesses whether a different result would occur upon retrial. *Tollett v. State*, 799 S.W.2d 256, 259 (Tex.Crim.App.1990). As an appellate court, we will not disturb the trial court's findings absent an abuse of discretion. *Moore v. State*, 826 S.W.2d 775, 777 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd); *Morris v. State*, 696 S.W.2d 616, 620 (Tex.App.—Houston [14th Dist.] 1985), *aff'd*, 739 S.W.2d 63 (Tex.Crim.App.1987). Because the trial court was entitled to accept and reject proof as he deemed just, we cannot find support in appellant's argument to say an abuse of discretion occurred in the trial court's failing to find juror misconduct warranting a new trial. Point of error two is overruled.

■ Point of error three complains of an instruction the trial court gave the venirepersons asking them to limit their responses during voir dire to a simple yes or no. The record, however, does not bear out this contention. Although the court did in fact give this instruction, neither the court nor the attorneys cut short the responses from the venire pursuant to the instruction. Further, as the state accurately contends, appellant did not object to this instruction and thus cannot now complain of any such alleged error on appeal. Tex.R.App.P. 52(a). We overrule point of error three and affirm the judgment of the trial court.