# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE

**FILED**

FOR PUBLICATION

**October 25, 1999**

**Filed:** October 25, 1999

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| APPELLANT, | ) | COFFEE COUNTY NO. 26,699 |
| | ) | |
| v. | ) | Hon. John W. Rollins, Judge |
| | ) | |
| CHARLES D. FOWLER, | ) | No. 01S01-9810-CC-00185 |
| | ) | |
| APPELLEE. | ) | |

FOR APPELLANT:

PAUL G. SUMMERS
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

DARYL J. BRAND
Associate Solicitor General
Nashville

FOR APPELLEE:

ROBERT S. PETERS
Winchester

# O P I N I O N

COURT OF CRIMINAL APPEALS REVERSED                HOLDER, J.

**OPINION**

We granted this appeal to determine whether payment by a fifty-three-year-old male for "straight sex" with what he perceived to be a fifteen-year-old boy could constitute a substantial step toward the commission of statutory rape. Upon review, we hold that the evidence in this case supported the jury's finding that the defendant's conduct constituted a substantial step toward the commission of statutory rape. The decision of the Court of Criminal Appeals is reversed, and the defendant's conviction for attempted statutory rape is reinstated.

**FACTS**

The defendant, Charles D. Fowler, was a fifty-three-year-old truck driver who had stopped in a rest area along a Tennessee interstate highway. He approached an undercover police officer in a wooded portion of the rest area, and they began talking about underage children. The undercover police officer was "wired" and recorded the ensuing conversation.

The defendant told the officer that the defendant had hoped to pick up a hitchhiker but that other motorists had picked up the only two he had seen. The defendant conveyed to the officer that the defendant had a preference for young boys. The defendant stated, "I like the young stuff. In fact, I like the underage stuff." He boasted about various sexual escapades he had experienced with minors.

The defendant told the officer that the defendant was looking for a young boy who was willing to run away from home and live with him in a house on a swamp in Florida. The officer indicated that he might know of a few young boys

who would be willing to go with the defendant. The officer stated that the boys he had in mind would be between the ages of ten and fourteen. The defendant replied that the mentioned ages would be acceptable provided the young boys could either ejaculate or were learning how to ejaculate.

The officer conveyed to the defendant that the officer knew of a twelve-year-old boy who was interested in running away from home. The defendant agreed to pay the officer a $200 "finder's fee" for the twelve-year-old boy. Approximately one hour later, the defendant met the officer in a parking lot to make the exchange. The officer had what appeared to be a young boy with him. The officer told the defendant the boy was fourteen years old. The boy, however, was a nineteen-year-old male dressed as a young boy. The defendant confirmed that he wanted "straight sex" from the young boy. The defendant wrote the officer a check for $200. The officer then placed the defendant under arrest.

A jury convicted the defendant of attempting to purchase a minor and of attempted statutory rape. He received sentences of three years for the attempted purchase of a minor conviction and nine months for the attempted statutory rape conviction. The trial court, however, set aside the verdict and entered a judgment of acquittal on the charge of attempted purchase of a minor. The Court of Criminal Appeals, in a split decision, reversed the attempted statutory rape conviction holding that the defendant's acts did not constitute a substantial step toward the commission of the crime. We granted review on this limited issue.

**ANALYSIS**

The issue now before us is whether the evidence of the defendant's conduct was sufficient to support the jury's conviction of attempted statutory rape. The State argues that "[t]he officers were not required to permit the defendant to drive off with the boy or initiate actual penetration." The State contends that under State v. Reeves, 916 S.W.2d 909 (Tenn. 1996), the jury's conviction should be affirmed because "only the intervention of the officers in effecting the arrest stopped the defendant from his intended purpose . . . committing statutory rape." We agree with the State's assertions.

This Court recently addressed the law on criminal attempt in State v. Reeves. In Reeves, two female high school students, Coffman and Reeves, conspired to kill a teacher. They agreed that Coffman would bring rat poison to school and that they would place the poison in the teacher's drink. The poison was brought to school the following day. The teacher entered her room and noticed the two girls "over her desk." When the girls observed the teacher, they giggled and ran back to their seats. The teacher discovered Coffman's purse lying next to her coffee cup. Coffman was taken to the principal's office, and the rat poison was found in her purse. Id. at 910.

This Court recognized that prior to the passage of the 1989 criminal reform act a finding of criminal attempt required evidence of: "(1) an intent to commit a specific crime; (2) an overt act toward the commission of that crime; and (3) a failure to consummate the crime." Id. at 911. The overt act element required a distinction between conduct that was merely preparatory and conduct that constituted a "direct movement toward the commission after the preparations had been made." Id. (quoting State v. Dupuy, 325 S.W.2d 239, 240 (Tenn. 1959)).

4

Following the criminal reform legislation of 1989, the law of criminal attempt was codified at Tenn. Code Ann. § 39-12-101. The statute provides in pertinent part that:

> (a) A person commits criminal attempt who, acting with the kind of culpability otherwise required for the offense: . . . (3) Acts with intent to complete a course of action or cause a result that would constitute the offense, under the circumstances surrounding the conduct as the person believes them to be, and the conduct constitutes a substantial step toward the commission of the offense.

Tenn. Code Ann. § 39-12-101(a)(3) (1997). In Reeves, this Court rejected the argument that the legislature "intended to retain the sharp distinction between 'mere preparation' and the 'act itself'" following the codification of § 39-12-101. Reeves, 916 S.W.2d at 913. We also held that the mere preparation test was inconsistent with the current legislative language and the goal of preventing crimes.

> [Requiring an overt act] severely undercuts the objective of prevention . . . . Once a person secretly places a toxic substance into a container from which another person is likely to eat or drink, the damage is done. Here if it had not been for the intervention of the teacher, she could have been rendered powerless to protect herself from harm.

Id. at 914. Accordingly, the "mere preparation" test was abandoned.

In the case now before us, the jury convicted the defendant of attempted statutory rape. Statutory rape is defined as the "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." Tenn. Code Ann. § 39-13-506(a) (1997). Our focus under § 39-12-101(3) is whether the evidence was sufficient

5

to support the jury's finding that the defendant's conduct constituted a "substantial step" toward the commission of statutory rape in this case.

The record indicates that the defendant was seeking homosexual activity on the night of his arrest. He stopped at a rest area that had a reputation for homosexual activity. The defendant approached an undercover officer and indicated that the defendant had a preference for young males. The defendant agreed to pay the officer for delivery of a young male. The defendant was not purchasing a young male out of a benevolent motivation to provide an unhappy runaway with food and shelter. The defendant's purpose for procuring a young male was sex. The fifty-three-year-old defendant believed the young male in question to be fifteen years old. One of the defendant's stated intentions in purchasing the boy was to have "straight sex" with him. The defendant wrote the officer a check for $200 with the expectation that the boy would be turned over to the defendant.

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences that may be drawn therefrom. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Our inquiry is whether "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Clifton, 880 S.W.2d 737, 742 (Tenn. Crim. App. 1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The evidence in this case taken in a light most favorable to the State overwhelmingly supports the jury's finding that the defendant's conduct constituted a substantial step toward commission of statutory rape. Requiring conduct beyond the defendant's conduct in this case would be inconsistent with both the general goal of crime prevention and our analysis in Reeves. We would

6

create a dangerous precedent by requiring that the defendant take delivery of the boy or actually begin some act that would approach sexual penetration. Once a pedophile purchases a child and takes the child into his possession, some damage has likely occurred. Moreover, the child is placed in a position of imminent danger from which the child may be powerless to protect himself or herself.

The decision of the Court of Criminal Appeals is reversed. The defendant's conviction for attempted statutory rape is reinstated. Costs of this appeal shall be taxed against the defendant for which execution shall issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, J.
Byers, Sp.J.

**Dissenting:**

Birch, J.

Barker, J. Not Participating