# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 7, 2003 Session

## STATE OF TENNESSEE v. DARRYL LEE ELKINS

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Sullivan County**
**No. S41,530     R. Jerry Beck, Judge**

---

**No. E2001-01245-SC-R11-CD - Filed April 29, 2003**

---

ADOLPHO A. BIRCH, JR., J., concurring and dissenting.

I join the majority in affirming the defendant's conviction for rape of a child. As to the conviction for attempted rape of a child, however, I view the evidence as insufficient to establish two essential elements of that offense: that the defendant took a "substantial step" toward the commission of this offense; and that he had the requisite "intent to sexually penetrate" the victim. Therefore, I must respectfully dissent.

Under the criminal attempt statute, it is an essential element that the defendant's conduct "constitute a substantial step toward the commission of the offense." Tenn. Code Ann. § 39-12-101(a)(3) (1997). The majority agrees that the term "substantial step" connotes a step beyond that of the intent to commit a crime, but with each opinion interpreting "substantial step," the majority has attenuated (if not eliminated) the interpretation of the term so as to make any act a "substantial step" toward the commission of the offense.

In State v. Reeves, the general purpose of the attempt statute (to prevent the consummation of inchoate crimes), led this Court to impose criminal responsibility upon a defendant where there was evidence of an expressed intent to commit a crime along with evidence of preparation. State v. Reeves, 916 S.W.2d 909, 913-14 (Tenn. 1996). In Reeves, a twelve year old girl was convicted of attempted second degree murder because she agreed to put rat poison in her teacher's drink and brought rat poison to school the following day. In rejecting an "overt act" requirement to establish a "substantial step" toward the commission of the crime, the Court specifically noted that under such a rigid requirement, "no criminal responsibility would have attached unless the poison had actually been placed in the teacher's cup." Id. at 914. Thus, it reasoned, the preventative goal of the law of attempt would be thwarted were an "overt act" required in that case. As a result, the Court effectively extended criminal attempt to include the possession of materials with which a defendant could commit the intended crime.

In State v. Fowler, a majority of the Court again extended the reach of the criminal attempt statute. In Fowler, the defendant expressed an intent to procure a young boy to live with him and perform sexual acts. An hour later, he paid $200 for what he thought was a fourteen-year-old boy. This Court found that requiring additional conduct to establish a "substantial step" toward the commission of the offense would be inconsistent with the "general goal of crime prevention." State v. Fowler, 3 S.W.3d 916, 922 (Tenn. 1999). Thereby, the Court once again extended criminal attempt to encompass indirect criminal solicitations.

I believe that a more workable definition of "substantial step" would include proof of the defendant's intent, under the circumstances as he believed them, to engage in a course of conduct planned to culminate in the commission of a crime. Thus, in the case under submission, the evidence that the defendant "bounced" on the victim fully clothed is not evidence indicative of a "substantial step" toward the commission of rape of a child. The defendant never removed the victim's clothing or his own, or did he attempt penetration. In my view, this evidence falls far short of demonstrating a "substantial step" toward the commission of rape of a child. Clearly, an assault such as we have here, even if sexual in nature, should not constitute a "substantial step" toward rape. This is especially true since assault is itself a crime.

Accordingly, because of my view that the majority has attenuated the evidence necessary to prove a "substantial step" to the degree that almost any behavior now may qualify as a "substantial step," I would reverse the conviction for attempted rape of a child.

Additionally, I agree with Justice Holder in her unwillingness to join the majority's statement that Rule 404(b) permits the introduction of "evidence of subsequent acts to establish one's intent during a prior act in appropriate cases." I, however, would have gone even farther to say that Rule 404(b) does not permit the introduction of such evidence. Therefore, excluding this evidence of intent, there was no proof that the defendant intended to sexually penetrate the victim when he "bounced" on him.

For the foregoing reasons, I respectfully dissent from the majority's opinion as it addresses the conviction for attempted rape of a child. I concur in the defendant's conviction for rape.

_____
ADOLPHO A. BIRCH, JR., JUSTICE