Johnny GONZALES,[1] Appellant,

v.

The STATE of Texas.

Nos. 0874–98 to 0877–98.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 15, 1999.

1. Appellant's name is spelled "Gonzalez" in the Court of Appeals' opinion. The indictment, the judgment, briefs of the parties, and other pertinent documents use the spelling "Gonzales."

L. Van Williamson, Amarillo, Brian W. Wice, Houston, for appellant.

Robert W. Kinkaid, Jr., Asst. Dist. Atty., Plainview, Matthew Paul, State's Atty., Austin, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court in which PRICE, HOLLAND, WOMACK, JOHNSON and KEASLER, JJ., joined.

A number of venire members filled out jury questionnaires before voir dire. One of the questions asked, "[H]ave you ever been accused, complainant, or witness in a criminal case[?]" Prospective juror Marcella Sanders responded by checking the box corresponding to "no." Sanders was not questioned further about this information during voir dire, and she ultimately served on the jury in this case. As to the prospective jurors who had not filled out a jury questionnaire, neither defense counsel nor the State asked them any questions during voir dire regarding whether any of them had been an accused, complainant, or witness in a criminal case.

It subsequently came to light that Sanders was in fact a complainant in a criminal case filed and pending in Potter County. Appellant filed a motion for new trial, alleging in part that he was deprived of the ability to exercise his peremptory strikes in an intelligent manner. Appellant argued that it was misconduct for Sanders to "deliberately withhold" the fact that she was the complainant in the Potter County case during the jury selection process by marking "no" in response to question eighteen on her jury questionnaire. Further, Appellant asserted that had he known Sanders was a complainant in a criminal

case, he would have exercised a peremptory strike to remove her from the venire.

Sanders testified that she checked "no" in response to question eighteen because the Potter County case had not gone to trial. Defense counsel asked Sanders if she misunderstood the question and Sanders replied that she had. The trial judge denied Appellant's motion.

On appeal, Appellant claimed the trial judge abused his discretion in denying his motion for new trial on the basis of Sanders' answer to question eighteen. The Court of Appeals framed the question presented as "whether juror Sanders' failure to disclose on her jury questionnaire that she was the victim and complaining witness in a criminal prosecution requires reversal even though the parties failed to ask direct questions during voir dire concerning that very issue." The Court of Appeals affirmed the trial court, stating "there was no showing that Sanders made any affirmative misrepresentations to questions actually asked during the voir dire examination, nor was there any showing that she kept silent when she should have answered any such questions actually asked." *Gonzalez v. State*, 966 S.W.2d 804, 806 (Tex.App.—Amarillo 1998).

We granted Appellant's petition for discretionary review to examine his assertion that the Court of Appeals erred in failing to find juror misconduct where a juror made a false statement on her juror questionnaire on which Appellant relied, allegedly depriving him of the opportunity to intelligently exercise his peremptory challenges. This Court has never addressed the extent to which counsel may rely on information provided in written juror questionnaires.

We have consistently held, with respect to oral questions asked during voir dire, that error occurs where "a prejudiced or biased juror is selected *without fault or lack of diligence on the part of defense counsel,* such counsel acting in good faith

on the juror's responses and having no knowledge of their inaccuracy."[2] *Brandon v. State,* 599 S.W.2d 567, 577 (Tex. Crim.App.1979) (emphasis added)(citing *Salazar v. State,* 562 S.W.2d 480 (Tex. Crim.App.1978); *Norwood v. State,* 123 Tex.Crim. 134, 58 S.W.2d 100 (1933); and *Adams v. State,* 92 Tex.Crim. 264, 243 S.W. 474 (1921)), *vacated on other grounds,* 101 S.Ct. 3134 (1981). Thus, we have long insisted that counsel be diligent in eliciting pertinent information from prospective jurors during voir dire in an effort to uncover potential prejudice or bias:

> defense counsel has an obligation to ask questions calculated to bring out that information which might be said to indicate a juror's inability to be impartial, truthful, and the like. Unless defense counsel asks such questions, we must hold, as we do here, that the purportedly material information which a juror fails to disclose is not really "withheld" so as to constitute misconduct which would warrant a reversal.

*Jones v. State,* 596 S.W.2d 134, 137 (Tex. Crim.App.1980), *overruled on other grounds, Sneed v. State,* 670 S.W.2d 262, 266 (Tex.Crim.App.1984). Counsel must ask *specific* questions, not rely on broad ones, to satisfy this obligation. *Brandon,* 599 S.W.2d at 578. And counsel must ask follow-up questions after uncovering potential bias. *Armstrong v. State,* 897 S.W.2d 361 (Tex.Crim.App.1995). We have consistently held there is no error where counsel has not met that obligation. *Armstrong v. State,* 897 S.W.2d 361 (Tex. Crim.App.1995) (no error where counsel did not ask question that would uncover juror's close friendship with prosecutor); *Brandon, supra* (no error where counsel failed to ask follow up questions after potential juror stated he was acquainted with victim); *Jones, supra,* (no error where counsel did not ask question that would uncover juror's previous employment at county jail).

■ We see no reason why counsel's burden to use diligence should be any less in the case of written juror questionnaires. *Particularly* because of the nature of *written* questions, counsel should be sure to ask follow-up oral questions concerning any information on the form that counsel deems material. While a questionnaire may serve as an efficient vehicle for collecting demographic data, it is not the most reliable way to collect other types of information. Counsel should never assume that the respondents will understand each question as it was intended by counsel to be understood. As this case illustrates, written questions are by nature vulnerable to misinterpretation—even questions that appear to be subject to only one interpretation. For this reason, "diligent counsel" will not rely on written questionnaires to supply any information that counsel deems material. Counsel who does otherwise is simply not diligent.

In the present case, defense counsel did not ask any oral questions in an effort to verify whether prospective jurors who returned juror questionnaires had been involved in criminal cases as that question was meant to be understood. Significant-

---

2. In *Brandon,* decided twenty years ago, we not only recognized the existence of error apparent in such circumstances, but stated that under these conditions "a new trial should be granted." This rule was too loosely stated, however, as it failed to distinguish between error and harm. In *Salazar v. State,* 562 S.W.2d 480, 482 n. 5 (Tex.Crim.App. 1978), these issues were more clearly delineated:

> We do not hold that an appellant is entitled to a reversal of his conviction in any case in which he discovers that a juror withheld information during voir dire. Where the

> information is not material and the juror can state that it will not affect his deliberation or verdict, an appellant may be unable to show harm.

A proper analysis under current law would address first whether there is error, and if there is, whether the error resulted in harm according to Rule of Appellate Procedure 44.2. *See Jones v. State,* 982 S.W.2d 386, 391–94 (Tex.Crim.App.1998) (question of harm in voir dire context addressed under Rule 44.2(b)). Only if error resulted in harm would a new trial be warranted.

ly, no questions were asked to determine whether prospective jurors who had not returned juror questionnaires had been involved in criminal cases. Although appellant emphasizes the importance of this information, as the State points out, it was apparently not important enough to seek the same information from prospective jurors who had not completed information cards. Because counsel did not follow up on the written questionnaire with more specific questioning during voir dire, the Court of Appeals was correct to conclude that Sanders did not "withhold information." *See, e.g., Armstrong, supra; Brandon, supra.*

The judgment of the court of appeals is affirmed.[3]

McCORMICK, P.J., filed a concurring opinion. KELLER, J., concurs in the result. MANSFIELD, J., not participating.

McCORMICK, Presiding Judge, concurring.

In this case, the evidence supports the trial court's implied finding that any false statement the juror may have made on her jury questionnaire "did not affect her deliberations or impartiality during trial." This is where the analysis should end. I would dismiss appellant's discretionary review petition as improvidently granted.

With these comments, I concur only in the Court's judgment.

---

**3.** Presiding Judge McCormick says the analysis in this case should end with Sanders' testimony that the statement she made on her questionnaire "did not affect her deliberations or impartiality during trial." Judge McCormick confuses the issue of error, on which we granted review, with the separate issue of harm. Only if the reviewing court concludes there was error in the voir dire, does it reach the question of whether the error affected the juror's deliberations. *Jones v. State,* 982 S.W.2d 386 (Tex.Crim.App.1998).