NO. 12-02-00247-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


KIM WAYNE KARR,
§
 APPEAL FROM THE 124TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS






MEMORANDUM OPINION


 Kim Wayne Karr ("Appellant") appeals his conviction of driving while intoxicated, for which
he was sentenced to imprisonment for ten years and fined ten thousand dollars. Appellant raises one
issue on appeal. We affirm. 


Background

 Appellant was charged with driving while intoxicated. The record reflects that Appellant had
been previously convicted of driving while intoxicated on two occasions. Appellant pleaded guilty
and requested that the jury assess his punishment.

 During the subsequent voir dire examination, the prosecuting attorney queried of the venire
as follows:


 What I need to know is if there's anybody on this panel who has had some kind of contact with this
type of offense or with the criminal justice system that puts me, the State of Texas, at any
disadvantage? .... Is there anyone that has a problem sitting on this kind of case tomorrow, just as a
panel as a whole? (1)



Next, during Appellant's voir dire examination, Appellant's counsel asked the venire, "Do you have
any problem sitting on a D.W.I. case?"

 Ultimately, the jury assessed Appellant's punishment at imprisonment for ten years and a fine
of ten thousand dollars. Appellant filed a motion for new trial arguing that certain jurors had not
responded truthfully to the aforementioned voir dire questions. Appellant's motion was supported
by the affidavits of two jurors, James E. Pete ("Pete") and Leisa Juanita Mitchell ("Mitchell"). In
their respective affidavits, Pete and Mitchell testified that a female juror, whose name neither of
them knew, admitted that she failed to answer a voir dire question truthfully and conceded that she
should have responded in the affirmative to the voir dire question regarding jurors or their family
members who had been in automobile accidents involving drunken drivers. Both further testified
that a fellow male juror, whose name neither of them knew, admitted that he also had a family
member who had been in an automobile accident involving a drunken driver. Pete and Mitchell
elaborated on their affidavit testimony at the hearing on Appellant's motion for new trial.
Specifically, Mitchell testified that the male juror remarked, immediately prior to delivery of the
verdict, that the jury was "the most disgraceful group of people [he had] ever been with," that he had
prayed he would make the right decision, and that he felt the right decision had been made. The jury
foreperson, Ty Sharp ("Sharp"), testified that the statements of the two jurors in question had no
effect on the outcome of the sentence imposed on Appellant. The trial court subsequently overruled
Appellant's motion for new trial and this appeal followed.


Inaccurate Answers to Voir Dire Questions

 We review a trial court's denial of an appellant's motion for new trial for abuse of discretion. 
See Beck v. State, 573 S.W.2d 786, 791 (Tex. Crim. App. 1978). We will not overrule the trial court
if the trial court's ruling on a motion for new trial is at least within the zone of reasonable
disagreement. See Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

 The jury voir dire examination is designed to ensure, to the fullest extent possible, that an
intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it by our
judicial system. See Jones v. State, 596 S.W.2d 134, 137 (Tex. Crim. App. 1980). When a juror
withholds material information in the voir dire process, the parties are denied the opportunity to
intelligently exercise their challenges, thus hampering their selection of a disinterested and impartial
jury. See Salazar v. State, 562 S.W.2d 480, 482 (Tex. Crim. App. 1978), overruled in part on other
grounds, Sneed v. State, 670 S.W.2d 262, 265 (Tex. Crim. App. 1984). However, counsel must be
diligent in eliciting pertinent information from prospective jurors during voir dire in an effort to
uncover potential prejudice or bias. See Gonzales v. State, 3 S.W.3d 915, 917 (Tex. Crim. App.
1999). Counsel has an obligation to ask questions calculated to bring out that information which
might be said to indicate a juror's inability to be impartial, truthful, and the like. Id. Unless defense
counsel asks such questions, we must hold that the purportedly material information which a juror
fails to disclose is not really "withheld" so as to constitute misconduct which would warrant a
reversal. Id. Counsel must ask specific questions, not rely on broad ones, to satisfy this obligation. 
Id.

 Appellant argues that the record reflects that jurors withheld material information, were
biased and that such circumstances affected the severity of Appellant's sentence. We disagree. The
State specifically asked if there was "anybody on [the] panel who has had some kind of contact with
[such an] offense or with the criminal justice system that [put] ... the State of Texas, at any
disadvantage" (emphasis added). Appellant asked if anyone on the panel had "any problem sitting
on a D.W.I. case." While the affidavit and trial testimony of Pete and Mitchell indicates that two
jury members had family members who had been in automobile accidents with drunken drivers, their
respective testimony in no way indicates that either of the jurors, as a result of such relationships,
had any problem sitting on a jury for a D.W.I. case or felt that they could cause either party to be put
at a disadvantage by serving on the jury. Thus, we conclude that the trial court's determination as
to whether these two jurors answered the voir dire questions inaccurately is, at the least, within the
zone of reasonable disagreement. 

 Moreover, our review of the record does not cause us to conclude that any member of the jury
was biased or that the fact that certain members of the jury had family members who had been in
accidents with drunk drivers affected the severity of Appellant's sentence. To the contrary, Sharp
testified that the statements of the two jurors in question had no effect on the outcome of the
sentence imposed on Appellant. Further still, Mitchell's testimony indicates that the male juror was
intent on making the right decision, had prayed about the matter, and, in fact, believed the jury had
made the right decision. As such, we conclude that the trial court's determination as to whether the
jurors in question were biased or whether the aforementioned circumstances affected the severity of
Appellant's sentence was likewise, at the least, within the zone of reasonable disagreement. 
Therefore, we hold that the trial court did not abuse its discretion in overruling Appellant's motion
for new trial. Appellant's sole issue is overruled.


Conclusion

 Having held that the trial court did not abuse its discretion in overruling Appellant's motion
for new trial, we affirm the ruling of the trial court.

 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered March 12, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(DO NOT PUBLISH)



















1. The record reflects that some jurors indicated to the State of Texas (the "State") that they would have a
problem sitting on a jury hearing such a case.