Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS







PATRICK PECOS HAMMETT,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 



No. 08-10-00167-CR

Appeal from the

County Court at Law #1
of El Paso County, Texas 
 
(TC# 20090C07570)



 

 

 





O P I N I O N

            Patrick Pecos Hammett was convicted of driving while intoxicated and was sentenced to
180 days in jail, probated for 18 months. In his only issue on appeal, Hammett asserts that he
was denied a fair trial because the foreperson on the jury failed to disclose that she was dating a
prosecutor. We affirm.
Procedural Background
            During voir dire, Hammett’s counsel noted that one of the prospective jurors had stated
on her questionnaire that she knew a particular assistant district attorney. Counsel then asked her
whether knowing that prosecutor would have any influence on her verdict. Specifically, counsel
asked, “[W]ould you be leaning towards the District Attorney’s Office in this case automatically
before we start?” The prospective juror answered, “No.” She was selected for the jury and
chosen as foreperson. The prosecutor in question was not assigned to this case.
            After Hammett was convicted, a different attorney filed a motion for new trial on
Hammett’s behalf. At the hearing on the motion, Hammett’s trial counsel recalled that the
foreperson stated during voir dire that she would not be biased as a result of knowing the
prosecutor. He decided not to ask any follow-up questions because he did not want to embarrass
her and wanted to protect her privacy. He later learned that the prosecutor and the foreperson
were dating. Although he was not sure, counsel believed that he learned this information before
the State started presenting evidence. If he had known the nature of the relationship between the
foreperson and the prosecutor during voir dire, he would have moved to strike her for cause. If
this motion had not been granted, he would have used a peremptory strike. On cross-examination, counsel confirmed that he was made aware of the nature of the relationship after the
jury was selected, but before any evidence was presented, yet he did not move for a mistrial. He
also acknowledged that the judge did not prohibit him from asking follow-up questions during
voir dire.
            The assistant district attorney who prosecuted the case testified that he had “heard” that
the court instructed the foreperson and the other prosecutor not to have any contact until the end
of the trial. At the conclusion of the hearing, the trial judge indicated that he did not know that
the prosecutor and the foreperson had a “boyfriend/girlfriend dating type of relationship.” 
However, after the jury was selected, he believed that he “bumped into” the prosecutor and
learned that the prosecutor was waiting for the foreperson to be released so they could go to
lunch. The judge instructed his court coordinator to let the prosecutor “know that the lady was
not going to be released from the panel; that she had in fact been selected as a juror and so forget
about lunch with that individual . . . .” The judge did not recall saying that they were forbidden
from communicating throughout the trial. The motion for new trial was denied.
Discussion
            Hammett suggests that the foreperson had an affirmative duty to disclose the nature of her
relationship with the prosecutor. He asserts that the foreperson withheld material information
and was not honest about her ability to be fair and impartial.
            This issue has not been preserved. “As a prerequisite to presenting a complaint for
appellate review, the record must show that . . . the complaint was made to the trial court by a
timely request, objection, or motion . . . .” Tex.R.App.P. 33.1(a)(1)[Emphasis added]. “To be
timely, an objection must be raised at the earliest opportunity or as soon as the ground of
objection becomes apparent.” Thomas v. State, 884 S.W.2d 215, 216 (Tex.App.--El Paso 1994,
pet. ref’d). Although trial counsel learned about the nature of the foreperson’s relationship with
the prosecutor at the beginning of the trial, the issue was not raised until after the trial was over. 
Thus, Hammett did not make his complaint at the earliest opportunity or as soon as it became
apparent. See Credille v. State, 925 S.W.2d 112, 115-16 (Tex.App.--Houston [14th Dist.] 1996,
pet. ref’d).
            Even if the issue were preserved, we disagree with Hammett’s contentions that the
foreperson withheld information and that she had an affirmative duty to disclose the nature of her
relationship with the prosecutor. “[D]efense counsel has an obligation to ask questions
calculated to bring out that information which might be said to indicate a juror’s inability to be
impartial and truthful. Unless defense counsel asks such questions, the material information
which a juror fails to disclose is not really ‘withheld.’” Armstrong v. State, 897 S.W.2d 361,
363-64 (Tex.Crim.App. 1995)[Internal citation omitted].
            In Armstrong, the county attorney personally prosecuted a murder case. See id. at 362. 
The foreperson had been friends with him for over twenty-five years. In addition, the
foreperson’s husband and the county attorney had been each other’s best man at their weddings
and the husband was serving as the county attorney’s campaign treasurer during the trial, having
already served in that capacity in a previous campaign. Id. at 363. The foreperson did not reveal
any of this information during voir dire. Id. at 362-63. The prospective jurors had been asked
whether any of them were “so well connected with” or “acquainted or associated with” the
prosecution staff that it would affect their verdict. Id. at 362. They were also asked whether they
had “any special connection with the County Attorney’s office, perhaps a close friend in the
office, secretary, investigator or the like” and whether there was anything they could think of that
touched on their qualifications to serve on the case. Id. at 362-63. The Court of Criminal
Appeals held that there was no juror misconduct because the jury panel was not asked “the
questions needed to elicit the desired information.” Id. at 364.
            In another case, the written jury questionnaire asked whether prospective jurors had ever
been complainants in a criminal case. Gonzales v. State, 3 S.W.3d 915, 916 (Tex.Crim.App.
1999). A juror checked the “no” box in response to this question. Id. During voir dire, defense
counsel did not question her about this response. Id. Counsel subsequently discovered that the
juror was a complainant in a pending criminal matter. The juror misunderstood the question on
the form. Id. In upholding the trial court’s refusal to grant a new trial on this basis, the Court of
Criminal Appeals stated, “Particularly because of the nature of written questions, counsel should
be sure to ask follow-up oral questions concerning any information on the form that counsel
deems material.” Gonzales, 3 S.W.3d at 917 [Emphasis in orig.].
            Comparing this case to Armstrong and Gonzales, it is clear that no juror misconduct
occurred. The record does not establish that the foreperson withheld any information. She
truthfully stated both on her questionnaire and during voir dire that she knew a particular
prosecutor. The juror questionnaire is not in the record, but there is nothing to indicate that the
questionnaire asked specific questions about the nature of a prospective juror’s relationship with
anyone, and even if it did, counsel still had an obligation to follow-up with oral questions. 
Hammett’s trial counsel chose not to ask about the nature of the foreperson’s relationship with
the prosecutor. We also note that the venire was sworn in by the judge before voir dire, and we
take judicial notice that the oath requires prospective jurors to answer truthfully any questions
propounded to them. It does not impose a duty on the prospective jurors to volunteer
information.
            Hammett’s sole issue on appeal is overruled. One matter not raised by either side must be
addressed. The trial court certified that Hammett has a right to appeal, but the certification was
not signed by Hammett and does not include the required admonishments. See Tex.R.App.P. 
25.2(d). To remedy this defect, this Court ORDERS Hammett’s attorney to send Hammett a
copy of this opinion and this Court’s judgment, to notify him of his right to file a pro se petition
for discretionary review, and to inform him of the applicable deadlines. See Tex.R.App.P. 48.4,
68. Appellant’s attorney must comply with all of the requirements of Texas Rule of Appellate
Procedure 48.4.
            The judgment of the trial court is affirmed.



November 2, 2011
CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)