COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| PATRICK PECOS HAMMETT, | § | No. 08-10-00167-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law #1 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20090C07570) |

## O P I N I O N

Patrick Pecos Hammett was convicted of driving while intoxicated and was sentenced to 180 days in jail, probated for 18 months. In his only issue on appeal, Hammett asserts that he was denied a fair trial because the foreperson on the jury failed to disclose that she was dating a prosecutor. We affirm.

### PROCEDURAL BACKGROUND

During voir dire, Hammett's counsel noted that one of the prospective jurors had stated on her questionnaire that she knew a particular assistant district attorney. Counsel then asked her whether knowing that prosecutor would have any influence on her verdict. Specifically, counsel asked, "[W]ould you be leaning towards the District Attorney's Office in this case automatically before we start?" The prospective juror answered, "No." She was selected for the jury and chosen as foreperson. The prosecutor in question was not assigned to this case.

After Hammett was convicted, a different attorney filed a motion for new trial on Hammett's behalf. At the hearing on the motion, Hammett's trial counsel recalled that the

foreperson stated during voir dire that she would not be biased as a result of knowing the prosecutor. He decided not to ask any follow-up questions because he did not want to embarrass her and wanted to protect her privacy. He later learned that the prosecutor and the foreperson were dating. Although he was not sure, counsel believed that he learned this information before the State started presenting evidence. If he had known the nature of the relationship between the foreperson and the prosecutor during voir dire, he would have moved to strike her for cause. If this motion had not been granted, he would have used a peremptory strike. On cross-examination, counsel confirmed that he was made aware of the nature of the relationship after the jury was selected, but before any evidence was presented, yet he did not move for a mistrial. He also acknowledged that the judge did not prohibit him from asking follow-up questions during voir dire.

The assistant district attorney who prosecuted the case testified that he had "heard" that the court instructed the foreperson and the other prosecutor not to have any contact until the end of the trial. At the conclusion of the hearing, the trial judge indicated that he did not know that the prosecutor and the foreperson had a "boyfriend/girlfriend dating type of relationship." However, after the jury was selected, he believed that he "bumped into" the prosecutor and learned that the prosecutor was waiting for the foreperson to be released so they could go to lunch. The judge instructed his court coordinator to let the prosecutor "know that the lady was not going to be released from the panel; that she had in fact been selected as a juror and so forget about lunch with that individual . . . ." The judge did not recall saying that they were forbidden from communicating throughout the trial. The motion for new trial was denied.

## DISCUSSION

-2-

Hammett suggests that the foreperson had an affirmative duty to disclose the nature of her relationship with the prosecutor. He asserts that the foreperson withheld material information and was not honest about her ability to be fair and impartial.

This issue has not been preserved. "As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a *timely* request, objection, or motion . . . ." TEX.R.APP.P. 33.1(a)(1)[Emphasis added]. "To be timely, an objection must be raised at the earliest opportunity or as soon as the ground of objection becomes apparent." *Thomas v. State*, 884 S.W.2d 215, 216 (Tex.App.--El Paso 1994, pet. ref'd). Although trial counsel learned about the nature of the foreperson's relationship with the prosecutor at the beginning of the trial, the issue was not raised until after the trial was over. Thus, Hammett did not make his complaint at the earliest opportunity or as soon as it became apparent. *See Credille v. State*, 925 S.W.2d 112, 115-16 (Tex.App.--Houston [14th Dist.] 1996, pet. ref'd).

Even if the issue were preserved, we disagree with Hammett's contentions that the foreperson withheld information and that she had an affirmative duty to disclose the nature of her relationship with the prosecutor. "[D]efense counsel has an obligation to ask questions calculated to bring out that information which might be said to indicate a juror's inability to be impartial and truthful. Unless defense counsel asks such questions, the material information which a juror fails to disclose is not really 'withheld.'" *Armstrong v. State*, 897 S.W.2d 361, 363-64 (Tex.Crim.App. 1995)[Internal citation omitted].

In *Armstrong*, the county attorney personally prosecuted a murder case. *See id*. at 362. The foreperson had been friends with him for over twenty-five years. In addition, the

foreperson's husband and the county attorney had been each other's best man at their weddings and the husband was serving as the county attorney's campaign treasurer during the trial, having already served in that capacity in a previous campaign. *Id*. at 363. The foreperson did not reveal any of this information during voir dire. *Id*. at 362-63. The prospective jurors had been asked whether any of them were "so well connected with" or "acquainted or associated with" the prosecution staff that it would affect their verdict. *Id*. at 362. They were also asked whether they had "any special connection with the County Attorney's office, perhaps a close friend in the office, secretary, investigator or the like" and whether there was anything they could think of that touched on their qualifications to serve on the case. *Id*. at 362-63. The Court of Criminal Appeals held that there was no juror misconduct because the jury panel was not asked "the questions needed to elicit the desired information." *Id*. at 364.

In another case, the written jury questionnaire asked whether prospective jurors had ever been complainants in a criminal case. *Gonzales v. State*, 3 S.W.3d 915, 916 (Tex.Crim.App. 1999). A juror checked the "no" box in response to this question. *Id*. During voir dire, defense counsel did not question her about this response. *Id*. Counsel subsequently discovered that the juror was a complainant in a pending criminal matter. The juror misunderstood the question on the form. *Id*. In upholding the trial court's refusal to grant a new trial on this basis, the Court of Criminal Appeals stated, "*Particularly* because of the nature of *written* questions, counsel should be sure to ask follow-up oral questions concerning any information on the form that counsel deems material." *Gonzales*, 3 S.W.3d at 917 [Emphasis in orig.].

Comparing this case to *Armstrong* and *Gonzales*, it is clear that no juror misconduct occurred. The record does not establish that the foreperson withheld any information. She

truthfully stated both on her questionnaire and during voir dire that she knew a particular prosecutor. The juror questionnaire is not in the record, but there is nothing to indicate that the questionnaire asked specific questions about the nature of a prospective juror's relationship with anyone, and even if it did, counsel still had an obligation to follow-up with oral questions. Hammett's trial counsel chose not to ask about the nature of the foreperson's relationship with the prosecutor. We also note that the venire was sworn in by the judge before voir dire, and we take judicial notice that the oath requires prospective jurors to answer truthfully any questions propounded to them. It does not impose a duty on the prospective jurors to volunteer information.

Hammett's sole issue on appeal is overruled. One matter not raised by either side must be addressed. The trial court certified that Hammett has a right to appeal, but the certification was not signed by Hammett and does not include the required admonishments. *See* TEX.R.APP.P. 25.2(d). To remedy this defect, this Court ORDERS Hammett's attorney to send Hammett a copy of this opinion and this Court's judgment, to notify him of his right to file a *pro se* petition for discretionary review, and to inform him of the applicable deadlines. *See* TEX.R.APP.P. 48.4, 68. Appellant's attorney must comply with all of the requirements of Texas Rule of Appellate Procedure 48.4.

The judgment of the trial court is affirmed.


November 2, 2011
                                        CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

-5-

(Do Not Publish)