

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00495-CR

Peddar **PANGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CR6312
Honorable Steve Hilbig, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 13, 2016

AFFIRMED

Peddar Panga was convicted by a jury of sexual assault.  On appeal, Panga contends the

evidence is legally insufficient to support the jury's verdict, and the trial court erred in denying his

motion for a mistrial because a juror withheld material information during voir dire.  We affirm

the trial court's judgment.

### BACKGROUND

M.N., the complainant, became intoxicated while drinking at two bars with a group of

women.  Due to her intoxicated state, M.N. was asked to leave the second bar.  One of the women

in the group who was M.N.'s co-worker called for a taxi to drive M.N. to her apartment. The co-worker assisted M.N. in walking to the taxi, buckled her seatbelt, and paid the taxi driver who was Panga.

M.N. recalled answering Panga's questions on the drive home, including whether M.N. lived alone. M.N. also recalled arriving at the gate to her apartment complex but then blacked out. M.N.'s next memory is being on her bed with Panga having sexual intercourse with her. M.N. asked Panga what he was doing and told him to leave before falling back asleep.

The next morning, M.N. contacted the police and underwent a sexual assault examination. The forensic evidence established that Panga had penetrated M.N.'s sexual organ. Panga was indicted and, as previously noted, convicted by a jury of sexual assault. Panga was sentenced to five years' imprisonment; however, his sentence was suspended, and he was placed on ten years' community supervision.

## SUFFICIENCY

In his first issue, Panga contends the evidence is insufficient to support the jury's finding that his sexual contact with M.N. was without her consent, asserting "the most [M.N.] stated was that she could not remember giving consent." *See* TEX. PENAL CODE ANN. § 22.011(a)(1) (West 2011) (defining sexual assault as requiring lack of the person's consent). Panga argues M.N. "may well have given consent and just did not remember doing so" in her intoxicated state.

In conducting a legal sufficiency review, we determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the challenged elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016). "Reconciliation of conflicts in the evidence is within the exclusive province of the jury," and a jury is free to accept or reject some or all of any witness's testimony. *Moore v. State*, 935 S.W.2d 124, 126 (Tex. Crim. App. 1996).

The jury is the sole judge of the credibility and weight of the witnesses' testimony, and we may not substitute our judgment for that of the jury. *Blea*, 483 S.W.3d at 33; *Zuniga v. State*, 393 S.W.3d 404, 413 n.2 (Tex. App.—San Antonio 2012, pet. ref'd).

The following are several excerpts from M.N.'s trial testimony:

Q. At any time, [M.N.], did you ever consent to anything that happened between you and the Defendant when he was in your apartment?
A. No.

\*\*\*

Q. So, isn't it true, ma'am, that when you got to the apartment, that you invited Mr. Panga into your apartment?
A. That is not true.
Q. But he drove you to your apartment, got into the gate; right?
A. Yes.
Q. So when you got out of the cab, were you able to walk on your own?
A. I do not remember.
Q. So would it be fair to say that you might not have been able to walk on your own, yes or no?
A. It's possible.
Q. Okay. So, now, with that possibility that you could not walk on your own, Mr. Panga, the taxicab driver, may have assisted you in getting you to your apartment; isn't that true?
A. It's possible.
Q. And it's also possible, ma'am, that once he got to your apartment you invited him in?
A. I have my doubt that that happened.
Q. Well, that doesn't say that it didn't happen, that you have doubts. You don't know —
A. No, sir.
Q. — isn't that true? Ma'am, you don't know for a fact that you did not invite Mr. Panga into your apartment, isn't that true?
A. I did not invite him into my apartment.
Q. Well, you say you were highly intoxicated.
A. Yes, sir; I was highly intoxicated.
Q. You just told the members of the jury, you had some doubts. That's not the same thing as saying that you're for sure you did not invite him in; isn't that true?
A. I did not invite him in.

\*\*\*

Q. So that block of time, that seven or eight hour, you don't remember what happened; isn't that true?
A. I remember somewhat of what happened. I don't fully understand why.
Q. You don't remember giving consent —

A. No.

Q. — to having sexual intercourse with anybody; is that correct?

A. No.

Q. Okay. That doesn't mean it didn't happen; isn't that true? Not remembering that you did give consent does not mean that you gave — that you did not give consent; right?

A. I do remember, whenever I wasn't blacked out, whenever I was somewhat slightly aware of what was going on, I had asked him to stop.

Q. All right. And at that time that you asked him to stop, he complied with your wishes; isn't that true?

A. No.

Q. Isn't that true?

A. No.

Q. When you asked him to stop, he complied with your wishes?

A. No.

***

Q. Would it be fair to say — would it be true, the statement to say, that not remembering is different from not — that you didn't do it, that you didn't give consent; right? Just because you didn't remember doing it, it doesn't mean that you didn't do it. Isn't that true?

A. I suppose.

Q. I'm sorry?

A. I did not give consent.

Q. You just don't remember, is that what you told the prosecutor?

A. I do not remember giving consent.

As previously noted, reconciling any conflicts in M.N.'s testimony was within the jury's exclusive province, and the jury could accept parts of M.N.'s testimony and reject other parts. *Moore*, 935 S.W.2d at 126. Furthermore, the jury was the sole judge of the weight to be given M.N.'s testimony. *Blea*, 483 S.W.3d at 33; *Zuniga*, 393 S.W.3d at 413 n.2. Because the jury could have found M.N. did not consent based on her testimony, the evidence is sufficient to support the jury's verdict. Panga's first issue is overruled.

## VOIR DIRE

In his second issue, Panga contends the trial court erred in denying his motion for a mistrial because a juror withheld material information during voir dire. Specifically, Panga contends a juror, in response to defense counsel's questioning during voir dire, failed to disclose she was a victim of a sexual assault.

We review a trial court's ruling on a motion for mistrial under an abuse of discretion standard. *Granados v. State*, 85 S.W.3d 217, 237 (Tex. Crim. App. 2002); *Brasher v. State*, 139 S.W.3d 369, 373 (Tex. App.—San Antonio 2004, pet. ref'd). Verbal questioning during voir dire results in error when "'a prejudiced or biased juror is selected *without fault or lack of diligence on the part of defense counsel*, such counsel acting in good faith on the juror's responses and having no knowledge of their inaccuracy.'" *Gonzales v. State*, 3 S.W.3d 915, 916-17 (Tex. Crim. App. 1999) (quoting *Brandon v. State*, 599 S.W.2d 567, 577 (Tex. Crim. App. 1979)); *see also Brasher*, 139 S.W.3d at 373. The Texas Court of Criminal Appeals has "long insisted that counsel be diligent in eliciting pertinent information from prospective jurors during voir dire in an effort to uncover potential prejudice or bias." *Gonzales*, 3 S.W.3d at 917. "Defense counsel has an obligation to ask questions calculated to bring out information that might indicate a juror's inability to be impartial and truthful." *Brasher*, 139 S.W.3d at 373-74. If counsel fails to ask such questions, the purportedly material information a juror fails to disclose is not really "withheld" so as to constitute misconduct warranting a reversal. *Gonzales*, 3 S.W.3d at 917; *Brasher*, 139 S.W.3d at 374. "Counsel must ask specific questions, not rely on broad ones to satisfy this obligation, and must ask follow-up questions after uncovering potential bias." *Brasher*, 139 S.W.3d at 374. If counsel does not meet this obligation, no error occurs. *Gonzales*, 3 S.W.3d at 917; *Brasher*, 139 S.W.3d at 374.

During the State's voir dire, the prosecutor specifically asked the venire panel if "either you or yourself or somebody very close to you who has been a victim of a sexual assault." The juror in question raised her hand. During defense counsel's voir dire, defense counsel did not follow-up on this question. Instead, when a different venire member responded that he had difficulty with the State's burden of proof because he had a family member who was a victim of a similar crime, defense counsel asked if that experience would cause him not to be fair and

impartial. The venire member responded he could not be fair and impartial. Defense counsel then proceeded to ask the venire panel if anyone else felt like the other venire member and could not be fair and impartial. Two additional venire members responded that they could not be fair and impartial. Defense counsel continued to ask if anyone else "feel[s] the same way." Another venire member responded she could not be fair and impartial based on her experience with either herself or a loved one dealing with a similar crime. Defense counsel again asked the venire panel if anyone else "feel[s] as [that venire member] does." After questioning another venire member, defense counsel repeated his question asking if anyone "would feel that based on the kind of accusation that we're dealing with today, that they could not be fair and impartial jurors." Another venire member responded she could not be fair and impartial. Defense counsel again asked if anyone "else feel[s] that way." After asking an additional row, defense counsel appeared to alter his question stating, "So I think the question was: And any friends or victims of crime — and I think — did I go row by row on that one? I think I went to the second row. How about the third row? Fourth row, victims of crime?" In response, a venire member raised her hand and stated a family member had been involved in a similar crime, and the following exchange occurred:

> Q. And as a result of a family member being involved in a criminal case similar to this one, would that cause you not to be fair and impartial in this case?
> A. No.
> Q. No what?
> A. It wouldn't cause me.
> Q. Okay. So why did you raise your hand?
> A. Because you asked if we had friends and family.

After confirming the venire member could be fair and impartial, defense counsel asked, "Anybody else?" Another venire member raised his hand and stated he could not be fair and impartial because a friend or relative had been a victim. Defense counsel then asked a final time, "Anybody else feel that way?"

Based on the foregoing, we conclude the juror in question did not withhold material information. When the prosecutor asked the specific question as to whether any venire member had been a victim of a sexual assault, the juror in question raised her hand. The defense counsel did not follow up specifically with that juror. Instead, defense counsel asked the venire members whether "as a result of an experience with a relative, you or a friend, dealing with this type of case you could not be a fair and impartial juror." By not responding to defense counsel's question, the juror in question must have believed she could be fair and impartial despite having been a victim. Accordingly, the trial court did not abuse its discretion in denying the motion for mistrial because the juror in question did not withhold material information in response to the questions asked during voir dire. Panga's second issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH