In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00058-CR
_____

ANTHONY DEON JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 15-07-07053-CR

## MEMORANDUM OPINION

A jury convicted appellant Anthony Deon Johnson of possession of a controlled substance as an habitual offender and assessed punishment at forty-five years of confinement. In four issues, Johnson challenges the trial court's denial of defense counsel's motion to disqualify a juror and contends that trial counsel provided ineffective assistance. We affirm the trial court's judgment.

1

ISSUES ONE AND TWO

In issue one, Johnson argues that the trial court erred by denying defense counsel's motion to disqualify a juror who allegedly withheld material information in voir dire regarding her "employment and personal knowledge" of the State's witnesses. In issue two, Johnson contends that the trial court erred by denying defense counsel's motion to disqualify because the juror had an implied bias based upon the juror's employment, which denied Johnson the right to trial by an impartial jury. We address issues one and two together.

We review the trial court's denial of Johnson's request to disqualify the juror under an abuse of discretion standard. *See Swearingen v. State*, 101 S.W.3d 89, 98 (Tex. Crim. App. 2003); *Little v. State*, 758 S.W.2d 551, 556 (Tex. Crim. App. 1988). The United States and Texas Constitutions guarantee a defendant the right to trial by an impartial jury. U.S. Const. amend. VI; Tex. Const. art. 1, § 10. To help ensure this right, parties are afforded the opportunity to conduct voir dire. *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004). Voir dire is designed to ensure that an intelligent, alert, disinterested, impartial, and truthful jury will perform its duty. *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995). During voir dire, the parties must be diligent and ask pertinent questions to uncover any potential bias in a juror. *Gonzales v. State*, 3 S.W.3d 915, 917-18 (Tex. Crim.

App. 1999). "Counsel must ask *specific* questions, not rely on broad ones, to satisfy this obligation." *Id*. at 917.

Counsel also must use due diligence with respect to written juror questionnaires. *Id*. "*Particularly* because of the nature of *written* questions, counsel should be sure to ask follow-up oral questions concerning any information on the form that counsel deems material." *Id*. If a juror withholds information during voir dire, the withheld information must show that the juror was biased or prejudiced to such a degree that the juror should have been excused from the panel. *Sypert v. State*, 196 S.W.3d 896, 900 (Tex. App.—Texarkana 2006, pet. ref'd). When withheld information is material, the parties' ability to select an impartial and disinterested jury is hindered because they are denied the opportunity to effectively exercise their challenges. *Franklin*, 138 S.W.3d at 354. "[M]ere familiarity with a witness is not necessarily material information." *Franklin v. State*, 12 S.W.3d 473, 478 (Tex. Crim. App. 2000).

The record indicates that during voir dire, defense counsel asked the panel, "How many of you all have close friends or relatives who may be in law enforcement of some type? That's probation, patrol officers[.]" Defense counsel collectively asked those veniremembers who raised their hands whether their relationship with a close relative or good friend would "have anything to do with how you view cases

3

in criminal matters[]" and then individually questioned those who responded affirmatively. At the conclusion of her voir dire, defense counsel asked the panel, "is there something in your lives that I have not touched upon that you think either gravely or just tangentially will affect your fairness in hearing the evidence in a possession case? . . . Is there something that I have not asked you all that you think is important that we know about?" The juror at issue did not respond.

After the jury was seated and both sides had given opening statements, the trial court conducted a hearing regarding the juror in question. The record does not reveal how the issue of the juror's employment was brought to the attention of the parties and the trial court after opening statements. The trial judge asked the juror's name, employer, and job duties, and then inquired whether she could put aside her knowledge of officers that might be testifying and make a judgment solely on the evidence presented. The juror responded, "I think so. I mean, I've never been in this position. I don't want to mess anything up." The judge then asked the juror, "If you're instructed that you're to follow the law, follow your oath to make a decision based solely on the evidence and the law presented to you in this case, are you able to do that?" The juror responded affirmatively. The juror also responded affirmatively when the trial judge asked, "Would you be able to find this defendant

4

not guilty if the State did not prove their case beyond a reasonable doubt?" The judge then excused the juror from the hearing.

Defense counsel asked that the juror be struck because the juror was not "as straightforward as she was here[]" when defense counsel asked the panel whether there was anything counsel should know that she had not asked. The State pointed out the juror's affirmative responses to the trial judge's questions, and the trial judge stated, "I'm going to take her on her word that she can follow the law, and she can render a verdict according to the evidence and the law presented in this case."

The record does not support Johnson's contention that the juror withheld information regarding her employment. Rather, the record reflects that the juror's information card disclosed that she is employed by the Conroe Police Department[1]; therefore, the information the juror provided on the card revealed that she might know some of the State's witnesses. *See Gonzales*, 3 S.W.3d at 917. Furthermore, the record reflects that defense counsel did not ask the juror at issue what knowledge she might have of people in law enforcement beyond close friends and relatives. *See id*. Moreover, the record does not support Johnson's contention that the trial judge "did not allow" defense counsel to examine the juror. The record does not reflect that defense counsel requested the opportunity to question the juror or objected when

---

[1]The juror is not a police officer.

5

the trial court allowed the juror to leave the hearing. *See Gonzales*, 3 S.W.3d at 917-18.

The record does not demonstrate that the juror was biased. *See Franklin*, 12 S.W.3d at 478. Furthermore, Texas law does not recognize the doctrine of implied bias. *See Uranga v. State*, 330 S.W.3d 301, 306 (Tex. Crim. App. 2010) (holding that the remedy for allegations of juror partiality is a hearing at which the defendant has the opportunity to prove actual bias, and no mistrial was required on a theory of implied bias). For all of the aforementioned reasons, we conclude that the trial court did not abuse its discretion by denying Johnson's motion to disqualify the juror. Accordingly, we overrule issues one and two.

## ISSUES THREE AND FOUR

In issue three, Johnson argues that trial counsel provided ineffective assistance by not moving for a mistrial following the hearing regarding the juror, and in issue four, Johnson asserts that counsel provided ineffective assistance by failing to adequately question the potential jurors during voir dire. We address issues three and four together.

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that

6

counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's action fell within the wide range of reasonable and professional assistance." *Id.*

Johnson must prove that there was no professional reason for specific acts or omissions of his counsel. *See id.* at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient . . . as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (citation omitted). Before being denounced as ineffective, counsel

must be allowed an opportunity to explain her actions. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

Johnson filed a motion for new trial, but he did not complain of counsel's alleged ineffectiveness in the motion, and the record does not reflect that the trial court conducted a hearing on the motion. We are therefore left with the bare record on direct appeal, which is usually insufficient to overcome the presumption that counsel's conduct was reasonable and professional. *See Bone*, 77 S.W.3d at 833. As explained in our analysis of issues one and two, the trial court did not err by denying Johnson's motion to disqualify the juror. Particularly in the absence of a hearing on a motion for new trial to examine counsel's strategy and decisionmaking, as well as the fact that the trial court did not abuse its discretion, we cannot conclude that counsel was ineffective for deciding not to request a mistrial. *See Uranga*, 330 S.W.3d at 306; *Franklin*, 12 S.W.3d at 478.

Although counsel did not question the prospective juror at issue about her written response on the juror questionnaire and only inquired of the panel whether its members had close friends or relatives employed by law enforcement, with a silent record, we must presume that counsel's conduct falls within the wide range of reasonable representation. *See Strickland*, 466 U.S. at 687; *Bone*, 77 S.W.3d at 833. We cannot presume that counsel's conduct constituted ineffective assistance. *See*

8

*Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (holding that counsel's failure to exercise peremptory strikes or to ask questions at voir dire was not ineffective assistance of counsel when the record was silent as to counsel's trial strategy.). In addition, Johnson has failed to demonstrate a reasonable probability that, but for counsel's alleged errors, the outcome would have been different. *See Bone*, 77 S.W.3d at 833. Accordingly, we overrule issues three and four. Having overruled all of Johnson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 15, 2018
Opinion Delivered April 4, 2018
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.