

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00123-CR

RICARDO NUNEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Potter County, Texas
Trial Court No. 68,988-C, Honorable Ana Estevez, Presiding

August 20, 2018

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

A jury found Ricardo Nunez, appellant, guilty of indecency with a child.[1] The trial court sentenced him to forty years' imprisonment. In his sole issue on appeal, appellant contends that the trial court erred in denying his motion for mistrial based upon the discovery that a juror was possibly related to the victim of the offense. We will affirm.

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017).

## Background

After the jury was impaneled, the State's attorney read the indictment. The indictment identified appellant's alleged victim as "Ashley Alvarez."[2] Appellant entered a plea of not guilty. The trial court then recessed the proceedings for a noon break.

When the proceedings resumed but before opening statements were presented, the court stated, outside the presence of the jury, that Juror Number One had written a note indicating she was possibly related to the Alvarez family. The court then held a hearing to determine the juror's connection to the family. The trial court began by asking Juror Number One if she recognized any of the Alvarez family members present:

Juror: I recognize her (pointing).

The Court: Okay. And you recognize her as one of your – And who are you pointing to?

Juror: I don't even – What was your name?

Ms. Alvarez: Terri.

Juror: Terri. Terri, she was married – She was married to my cousin.

The Court: Okay. So you are related by your cousin?

Juror: Yes.

The Court: So she used to be married to your cousin?

Juror: Yes.

The Court: So she is your ex-cousin-in-law?

Juror: Were you guys even married?

Ms. Alvarez: Yeah, we were married. My ex-husband is his father.

---

[2] We will use pseudonyms for the complainant and her family members to protect their privacy. *See Linney v. State*, 401 S.W.3d 764, 769 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

The Court: Okay. And how are you related to Miss Alvarez, to the –

Ms. Alvarez: She is my daughter (pointing to Ashley Alvarez).

Appellant's counsel and the prosecutor were also allowed to question the juror. Juror Number One testified as follows about her familial relationship: "Her [Terri's] husband is my first cousin? Second cousin? First cousin. Okay, my ex-husband, his mom is her aunt. So it is, like, way far down the line. I only met her a couple of times. But it was, like, long, long, long, long time ago."

Appellant's counsel asked Juror Number One, "[D]o you have concerns sitting on this jury because you were at one time related to these individuals, that that might play an effect in this trial?" She responded:

> Juror: I don't – I don't really know them that well, so I don't think it would affect me. But, I mean, I don't think it is going to affect me one way or the other. Because I don't – I don't even know them that well. We don't, like, associate or anything like that.
>
> The Court: When was the last time you saw them?
>
> Juror: Gosh, it has been – Is that your daughter?
>
> Ms. Alvarez: Yes.
>
> Juror: I guess she was, like, one or two. I didn't even know who she was.[3]
>
> The Court: Is she the father [sic] of – Is the father –
>
> Ms. Alvarez: Her father (indicating Ashley Alvarez) is related to her (indicating Juror Number One).

Juror Number One testified that she did not recognize Ashley Alvarez, only her mother, Terri. She also stated that it had been "over ten years" since she had been to any social gathering with Terri and that she would not feel any pressure to act one way

---

[3] At the time of trial, Ashley was sixteen years old.

or another in the case. "Not to be cruel," she testified, "but I don't know her. So I don't have any kind of vested interest in her."

After the juror departed, appellant's counsel immediately moved for a mistrial: "Your Honor, at this time I am going to move for a mistrial. I have to. I mean, she was related to the main victim in this case at one point." The trial court observed that, while the complainant and Juror Number One were (or had previously been) related by marriage, the relation was distant and the juror did not know the complainant. Moreover, the juror had testified that she would base her verdict on the evidence and not consider the relationship. Juror Number One returned to the courtroom, and the trial court admonished her not to discuss her relationship to the Alvarez family with any other jurors. The juror agreed. The trial court denied the motion for mistrial, the jury returned to the courtroom, and the proceedings resumed.

On appeal, appellant argues that the trial court erred in allowing Juror Number One to serve on the jury without determining her degree of relationship to the complainant.

Analysis

We review a trial court's ruling on a motion for mistrial under the abuse of discretion standard of review. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). Under this standard, we view the evidence in the light most favorable to the trial court's ruling, and we will uphold the trial court's ruling so long as it was within the zone of reasonable disagreement. *Id.*

Under both the United States and Texas Constitutions, parties are guaranteed the right to trial by an impartial jury. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. Parties

4

are given the opportunity to conduct voir dire to help insure this right. *Franklin v. State*, 138 S.W.3d 351, 354 (Tex. Crim. App. 2004). Under article 35.16 of the Texas Code of Criminal Procedure, a defendant may challenge, for cause, a juror who "is related within the third degree of consanguinity or affinity . . . to the person injured by the commission of the offense." TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(1) (West 2006). A challenge for cause is an objection alleging that a particular juror is "incapable or unfit to serve on the jury" for some reason. *Id.* at 35.16(a).

The exact nature of the familial connection between Juror Number One and Ashley Alvarez, the complainant, was ambiguous. Initially, the juror said Terri Alvarez (Ashley's mother) was formerly married to the juror's cousin. The juror also said that her ex-husband's mother was the aunt of Terri Alvarez. Terri Alvarez stated that her ex-husband was "his father," with no clear indication of who "he" was.

Appellant contends that "the court had an obligation to determine the degree of the relationship between the juror and the complainant." We do not find support for this contention in the law. On the contrary, "it is incumbent upon counsel to specifically ask questions which will determine whether they have a right to challenge the venire member." *Webb*, 232 S.W.3d at 113. The parties bear the burden to be diligent during voir dire, asking pertinent questions to reveal any potential for bias or prejudice in jurors. *Gonzales v. State*, 3 S.W.3d 915, 917-18 (Tex. Crim. App. 1999). The proponent of a challenge for cause has the burden of establishing his challenge is proper. *See, e.g.*, *Howard v. State*, 941 S.W.2d 102, 128 n.2 (Tex. Crim. App. 1996) (op. on reh'g); *Harris v. State*, 784 S.W.2d 5, 25 (Tex. Crim. App. 1989) (en banc). A defendant may waive

any right he has to challenge a venire member for cause, just as he may waive his right to an impartial jury. *State v. Morales*, 253 S.W.3d 686, 697 (Tex. Crim. App. 2008).

Here, the voir dire record reveals that neither attorney asked the jurors if they knew the complainant or her family, or even mentioned their names. It was only after the indictment was read that Juror Number One heard the last name "Alvarez" and notified the court that she might know the parties involved. During the hearing on the matter, counsel was given the opportunity to clarify the juror's relationship to the Alvarez family and uncover any potential bias. The questions asked of Juror Number One failed to resolve the ambiguity of her relationship; the questions did not establish whether she was or was not "related within the third degree of consanguinity or affinity" to Ashley Alvarez. As the party challenging Juror Number One, appellant bore the burden of establishing that she was not fit to serve.

Based on the testimony elicited, we hold the trial court could have found Juror Number One was not "incapable or unfit to serve." Therefore, the trial court did not err in denying appellant's motion for mistrial.

Conclusion

Finding no abuse of discretion, we overrule appellant's sole issue and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.